Case 1:04-cv-06279-AWI-LJO   Document 28   Filed 10/03/05   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO AGUAYO, et. al,<br><br>        Plaintiff,<br>vs.<br><br>OLDENKAMP TRUCKING,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-04-6279 AWI LJO<br><br>**ORDER ON MOTION FOR FACILITATION OF NOTICE TO CLASS MEMBERS** (Doc. 19) |

Pursuant to a notice filed on August 5, 2005, plaintiff Eduardo Aguayo brings a motion to facilitate notice to potential class members. Defendant Oldenkamp Trucking did not file an opposition. Plaintiff did not file a reply brief. This matter was submitted on the pleadings without oral argument pursuant to Local Rule 78-230(h). Having considered the moving and opposition papers, as well as the Court's file, the Court issues the following order.

## **FACTUAL BACKGROUND**

This case involves claims for unpaid overtime compensation brought by representative plaintiff on behalf of other truck drivers. The purported class members claim a violation of the Fair Labor Standards Action ("FLSA"), 29 U.S.C. § 210 et seq., and a violation of the California Unfair Competition Law ("UCL"), Cal.Bus.& Prof.Code §17200 et seq. Plaintiff has moved this Court for certification of two classes, one under the FLSA and the other under UCL. Plaintiff asks this Court for facilitation of notice to the potential class members, provided the classes are certified. The notice to potential class members is the same as the notice that was approved in the *Willis v. Cal-Transport, Baganha v. Cal-Transport* and *Vasquez v. Jim Aartman* cases.

The notice states in pertinent part:

"You may be a member of this class if you meet the following definition:

1. You worked as a truck driver for Oldenkamp Trucking Inc. At any time on or after September 20, 2001.

2. You hauled milk from dairies to creameries and/or cheese factories solely within the State of California. In other words, you did not do any hauling across state lines.

3. You worked in excess of 40 hours per week without being paid overtime compensation by Oldenkamp Trucking for those excess hours."

Once the proposed class member receives the notice, he/she will need to sign the "Notice of Consent to Join as a Party Plaintiff."

## ANALYSIS & DISCUSSION

This Court has authority to facilitate notice to potential class members. The Supreme Court has held that court authorization and facilitation of the notice process of such actions, under certain circumstances, is proper, "if not necessary." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 486 (1989) (approval of court facilitation in ADEA cases[1]). In this case, it is undisputed that this Court has authority to facilitate notice to potential class members. Pursuant to *Hoffmann-LaRoche Inc. v. Sperling,* the Court has discretion and "a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-171, 110 S.Ct. 482.

Plaintiff argues that the motion is not premature. Plaintiff argues the simultaneous consideration of both the issues, the motion to certify and the motion for class notification, serves judicial economy and expedites the process of notice to class members. Moreover, defendant does not suffer prejudice from simultaneous consideration. If the motion for certification is denied, the notice to class members is moot.

---

[1] The ADEA incorporates enforcement provisions of the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.). One of the incorporated provisions is the collective action provided by the FLSA (29 U.S.C. § 216(b).)

The Court, nonetheless, finds it is premature to grant the motion for notice to the class members. The District Court Judge has not ruled on the Findings and Recommendations recommending the classes be certified. For instance, in a prior motion, the class definition was altered. A variation in the class definition may effect the notice. Thus, the Court finds it premature to authorize notice.

## CONCLUSION

The Court DENIES this motion without prejudice.

The Court will reconsider this motion, *sua sponte*, upon the District Court's ruling on the Findings and Recommendations.

IT IS SO ORDERED.

**Dated:     October 3, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                      UNITED STATES MAGISTRATE JUDGE