1  JERRY N. BUDIN, ESQ., CSB NO. 88539
   LAW OFFICE OF JERRY BUDIN
2  1500 J Street
   Modesto, California 95354
3  Telephone: (209) 544-3030
   Facsimile: (209) 544-3144
4
   Attorney for Plaintiff(s),
5  EDUARDO AGUAYO, et al.

6
   David B. Chidlaw, Esquire
7  Geoffrey D. DeBoskey, Esquire
   SHEPPARD, MULLIN, RICHTER & HAMPTON
8  333 South Hope Street, 48th Floor
   Los Angeles, California 90071-1448
9  Telephone: (213) 620-1780
   Facsimile: (213) 620-1398
10
   Attorneys for Defendant,
11 OLDENKAMP TRUCKING

**FILED**

JUN 0 1 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

12                UNITED STATES DISTRICT COURT

13                EASTERN DISTRICT OF CALIFORNIA

14                      (Fresno Division)

15

16 EDUARDO AGUAYO, et al.,        ) CASE NO. CIV F-04-6279 AWI LJO
                                  )
17           Plaintiffs,          ) [PROPOSED] FINDINGS AND
                                  ) RECOMMENDATIONS ON PRELIMINARY
18                                ) APPROVAL OF STIPULATION AND
   vs.                            ) SETTLEMENT AGREEMENT;
19                                ) EXHIBITS A-C
                                  )
20 OLDENKAMP TRUCKING,            )
                                  )
21           Defendant.           )
                                  )
22 _____ )

23      Pursuant to the parties' Joint Notice of Motion filed on May

24 23, 2006, the parties in this class action have reached a proposed

25 settlement and seek preliminary approval of the proposed

26 Stipulation And Settlement Agreement, the Notice of Proposed Class

27 Action Settlement And Fairness Hearing and the Claim Form/FLSA

28 Consent Form.

1    The motion came on for hearing on June 1, 2006 at 9:00 a.m. in
2 Courtroom 8 of this court. Plaintiff, individually and on behalf of
3 all others similarly situated (collectively "plaintiffs"), appeared
4 by telephone by class counsel Jerry Budin, Law Office of Jerry
5 Budin.   Defendant OLDENKAMP TRUCKING ("OLDENKAMP") appeared by
6 telephone by counsel Geoffrey DeBoskey, Sheppard, Mullin, Richter
7 & Hampton. Having considered the parties' Joint Notice and Motion,
8 the Stipulation And Settlement Agreement, and the Exhibits attached
9 thereto,  the  Court  issues  the  following  Findings  and
10 Recommendations:

11     1.   This Order incorporates by reference the definitions in
12 the Stipulation And Settlement Agreement thereto, and all terms
13 defined therein shall have the same meaning in this Order as set
14 forth therein.   The Stipulation And Settlement Agreement are
15 attached hereto as Exhibit A.

16     2.   The Court hereby preliminarily approves the attached
17 Settlement Agreement. The Court preliminarily finds that the Class
18 members are similarly situated and meet the requirements for class
19 certification under F.R.C.P. 23.  The Court further preliminarily
20 finds that the Settlement Agreement appears to be within the range
21 of reasonableness of a settlement that could ultimately be given
22 final approval by this court.  It appears to the Court that the
23 Settlement Agreement is fair, adequate and reasonable as to all
24 potential Class Members, when balanced against the probable outcome
25 of further litigation.  It further appears that counsel for the
26 Parties at this time are reasonably able to evaluate their
27 respective positions.   It further appears to the Court that
28 settlement at this time will avoid substantial additional costs to

1  all Parties, as well as the delay and risks that would be presented
2  by further prosecution of these Actions. Additionally, it appears
3  that the proposed Settlement Agreement was reached as a result of
4  intensive, non-collusive, arms-length negotiations.

5      3.    A hearing ("Fairness Hearing") shall be held before this
6  Court on September 19, 2006 at 8:30 a.m. in Courtroom 8 in the
7  United  States  District  Court  for  the  Eastern  District  of
8  California, located at 2500 Tulare Street, Fresno, California, to
9  determine  all  necessary  matters  concerning  the  settlement,
10 including: whether the proposed settlement of the Actions on the
11 terms and conditions provided is fair, adequate, and reasonable,
12 and should be finally approved by the Court; whether the cases
13 should be dismissed with prejudice pursuant to the terms of the
14 settlement; whether the settlement should be approved as fair,
15 adequate, and reasonable to the Class Members; whether the Court
16 should finally approve an enhancement payment for Mr. Aguayo and
17 the amount of attorney fees and costs to be awarded Class Counsel,
18 Jerry Budin.

19     4.    The Court hereby approves, as to form and content, the
20 proposed "Notice of Proposed Class Action Settlement and Fairness
21 Hearing" ("Notice;" attached hereto as Exhibit B) and the "Claim
22 Form/FLSA Consent Form" (attached hereto as Exhibit C). The Court
23 finds that the distribution of the Notice substantially in the
24 manner and form set forth in the Settlement Agreement meets the
25 requirement of due process under Federal Rule of Civil Procedure
26 23(e) and 29 U.S.C. §216(b); and that such Notice is the best
27 practicable under the circumstances, and shall constitute due and
28 sufficient notice to all persons entitled thereto.

1      5.    Any class member who wishes to receive a portion of the

2 settlement fund must complete and submit a properly completed Claim

3 Form, pursuant to the instructions for making a claim that are set

4 forth in the Notice, so that it is postmarked no more than sixty

5 (60) days after the date the Notices are mailed. Any class member

6 who does not submit a Claim Form will not be entitled to any

7 recovery, unless OLDENKAMP TRUCKING agrees to allow the late claim.

8      6.    Any class member may choose to "opt-out" of and be

9 excluded from the settlement as provided in the Notice by following

10 the instructions for requesting exclusion from the Settlement

11 Agreement that are set forth in the Notice. All requests for

12 exclusion must be submitted so that they are postmarked no more

13 than thirty (30) days after the date the Notices are mailed. Any

14 such person who chooses to "opt out" of and be excluded from the

15 class will not be entitled to receive any proceeds from this

16 settlement, and will not be bound by this settlement or have any

17 right to object, appeal, or comment thereon.

18      7.    Any class member who has not validly requested exclusion

19 from the class may appear at the Fairness hearing and may object or

20 express his/her views regarding the settlement, and may present

21 evidence and file briefs or other papers, that may be proper and

22 relevant to the issues to be heard and determined by the Court, as

23 provided in the Notice. However, no class member or any other

24 person shall be heard or entitled to object, and no papers or

25 briefs submitted by any such person shall be received or considered

26 by the Court, unless the person on or before that day which is 30

27 days after the Notice is mailed has filed with the Clerk of this

28 court, and mailed by first class postage to Class Counsel (Jerry

[PROPOSED] FINDINGS AND RECOMMENDATION ON             CASE NO. CIV F-04-6279 AWI LJO
PRELIMINARY APPROVAL OF STIPULATION AND
SETTLEMENT AGREEMENT; EXHIBITS A-C      4

Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto, CA 95354) and Defendant's Counsel (Geoffrey DeBoskey, Sheppard, Mullin, Richter & Hampton, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071): (i) a written statement advising if the individual plans to address the Court at the Fairness Hearing; (ii) a written statement of the individual's objections; and (iii) any other papers which the individual purposes to submit to the Court, including any legal briefs or memoranda. Any such person who does not make an objection in the manner provided for in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the settlement.

8. In the event the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement.

9. For purposes of effectuating this settlement, the Court preliminarily certifies two Settlement Classes:

### Settlement Class 1

All persons who are now employed or have been employed by defendant OLDENKAMP TRUCKING in the State of California, who, on or after January 18, 2003 to January 1, 2005, have worked as an intrastate truck driver hauling milk solely within the State of California and have worked in excess of forty (40) hours per week without being paid overtime compensation by OLDENKAMP for those excess hours.

1

2        Settlement Class 2

3            All persons who are now employed or have been employed
4   by defendant OLDENKAMP TRUCKING in the State of California, who, on
5   or after September 20, 2000 to January 18, 2003, have worked as an
6   intrastate truck driver hauling milk solely within the State of
7   California and have worked in excess of forty (40) hours per week
8   without being overtime compensation by Oldenkamp for those excess
9   hours.

10       10.   The matter of the NOTICE OF CLAIM OF LIEN FOR LEGAL
11  SERVICES PROVIDED filed herein on April 18, 2005 (Doc. 17) has not
12  been determined and will be adjudicated in a separate motion or
13  proceeding.

14  /////
15  /////
16  /////
17  /////
18  /////
19  /////
20  /////
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////
27  /////
28  /////

1        **CONCLUSION**

2        For the reasons stated above, this Court RECOMMENDS that the
3   District Court GRANT preliminary approval of the proposed
4   Settlement Agreement, the Notice, and the Claim Form.

5        These findings and recommendations are submitted to the United
6   states District Judge assigned to the case, pursuant to the
7   provisions of Title 28 U.S.C. §636(b)(1). Within twenty days after
8   being served with these findings and recommendations, any party may
9   file written objections with the court and serve a copy on all
10  parties. Such document should be captioned "Objections to
11  Magistrate Judge's Findings and Recommendations." The parties are
12  advised that failure to file objections within the specified time
13  may waive the right to appeal the District Court's order. <u>Martinez</u>
14  <u>v. Ylst, 951 F.2d 1153 (9th Cir. 1991).</u>

15

16

17       IT IS SO ORDERED.

18

19  DATED: June 1, 2006

20                                       LAWRENCE J. O'NEILL
                                         UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

**EXHIBIT A**

1  JERRY N. BUDIN, ESQ., CSB NO. 88539
   LAW OFFICE OF JERRY BUDIN
2  1500 J Street
   Modesto, California 95354
3  Telephone: (209) 544-3030
   Facsimile: (209) 544-3144
4
   Attorney for Plaintiff(s),
5  EDUARDO AGUAYO, et al.

6
   David B. Chidlaw, Esquire
7  Geoffrey D. DeBoskey, Esquire
   SHEPPARD, MULLIN, RICHTER & HAMPTON
8  333 South Hope Street, 48th Floor
   Los Angeles, California 90071-1448
9  Telephone: (213) 620-1780
   Facsimile: (213) 620-1398
10
   Attorneys for Defendant,
11 OLDENKAMP TRUCKING

12               UNITED STATES DISTRICT COURT

13               EASTERN DISTRICT OF CALIFORNIA

14                    (Fresno Division)

15

16 EDUARDO AGUAYO, et al.,      ) CASE NO. CIV F-04-6279 AWI LJO
                                )
17            Plaintiffs,        ) STIPULATION AND SETTLEMENT
                                ) AGREEMENT OF CLASS ACTION
18                              ) CLAIMS; EXHIBITS 1-5
   vs.                          )
19                              )
                                )
20 OLDENKAMP TRUCKING,          )
                                )
21            Defendant.        )
                                )
22 ─────────────────────────────)

23      This Stipulation and Settlement Agreement of Class Action

24 Claims ("Settlement," "Stipulation," or "Agreement") is made by

25 Eduardo Aguayo (the "Named Plaintiff") on behalf of himself and

26 each of the other "Plaintiffs" as defined herein, on the one hand,

27 and the defendant, Oldenkamp Trucking ("Oldenkamp"), on the other

28 hand, in the action pending in the United States District Court for

STIPULATION AND SETTLEMENT AGREEMENT OF                CASE NO. CIV F-04-6279 AWI LJO
ACTION CLAIMS; EXHIBITS 1-5

1  the Eastern District of California ("District Court"), Case No. F
2  04-5979 AWI LJO ("Class Action" or "Action"), and is subject to
3  the approval of the District Court.

4       The "Class Members" (also referred to as the "Class") consist
5  of all Plaintiffs who do not properly elect to exclude themselves
6  from the terms of this Agreement. The "Settlement Class Members"
7  consist of all Class Members who submit a Claim Form/FLSA Consent
8  Form that is approved for payment under the terms of this
9  Stipulation.

10 I.   PROCEDURAL HISTORY

11       On September 20, 2004, a Complaint was filed by Eduardo Aguayo
12 seeking overtime wages.  Defendant answered the Complaint on
13 November 1, 2004.

14       On October 3, 2005, Magistrate Judge Laurence J. O'Neill
15 entered Findings And Recommendations that recommended the Court
16 grant plaintiff's motion to certify this matter as a class action.
17 Before the Court could rule on the Findings And Recommendations,
18 the parties reached a settlement. Accordingly, on March 31, 2006,
19 the Court denied without prejudice plaintiff's motion for class
20 certification. (Doc. 40)

21 II.  DEFINITION OF "PLAINTIFFS" AND CLASS MEMBERS

22       For purposes of this settlement, the parties propose two
23 Settlement Classes as follows:

24            Settlement Class 1

25            All persons who are now employed or have been

26            employed by defendant Oldenkamp in the State

27            of California who, on or after January 18,

28            2003 to January 1, 2005, have worked as an

STIPULATION AND SETTLEMENT AGREEMENT OF                    CASE NO. CIV F-04-6279 AWI LJO
ACTION CLAIMS; EXHIBITS 1-5                 2

1     intrastate truck driver hauling milk solely

2     within the State of California and have worked

3     in excess of forty (40) hours per week without

4     being paid overtime compensation by Oldenkamp

5     for those excess hours.

6     Settlement Class 2

7     All persons who are now employed or have been

8     employed by defendant Oldenkamp in the State

9     of California who, on or after September 20,

10     2000 to January 18, 2003, have worked as an

11     intrastate truck driver hauling milk solely

12     within the State of California and have worked

13     in excess of forty (40) hours per week without

14     being paid overtime compensation by Oldenkamp

15     for those excess hours.

16 For the purpose of this settlement, the "Settlement Class 1

17 Period" shall be defined as January 18, 2003 to January 1, 2005 and

18 the "Settlement Class 2 Period" shall be defined as September 20,

19 2000 to January 18, 2003.

20 III. INVESTIGATION IN THE CLASS ACTION

21   The Parties have conducted significant investigation of the

22 facts and law during the prosecution of this Action.  Such

23 investigations have included, *inter alia*, the exchange of

24 information pursuant to discovery and numerous discussions between

25 representatives of the Parties and the U.S. Department of Labor

26 (DOL).  Furthermore, the DOL has conducted an audit of unpaid

27 overtime which is attached hereto as Exhibit 1.  Counsel for the

28 Parties have further investigated the applicable law as applied to

1  the facts discovered regarding the alleged claims of Plaintiffs and
2  potential defenses thereto, and the damages claimed by Plaintiffs.
3  In pertinent part, the investigation has yielded the following:
4  The gist of the Action is that Oldenkamp has failed to pay the
5  Plaintiffs overtime as allegedly required by law.  Plaintiffs are
6  demanding  various  amounts  for  wages,  penalties,  interest,
7  attorneys'  fees,  and  other  damages.   Oldenkamp  contends  the
8  Plaintiffs are exempt from federal and California state overtime
9  requirements by virtue of one or more exemptions and/or exclusions
10  recognized under federal and California law.

11  IV.  BENEFITS OF SETTLEMENT TO CLASS MEMBERS

12      Named Plaintiff recognizes the expense and length of continued
13  proceedings necessary to continue the litigation against Oldenkamp
14  through trial and through any possible appeals.  Named Plaintiff
15  has also taken into account the uncertainty and risk of the outcome
16  of further litigation, and the difficulties and delays inherent in
17  such litigation.  Named Plaintiff is also aware of the burdens of
18  proof necessary to establish liability for the claims asserted in
19  the Action (the "Claims" or "Class Action Claims"), Oldenkamp's
20  defenses thereto, and the difficulties in establishing damages for
21  the Plaintiffs.  Named Plaintiff has also taken into account the
22  extensive settlement negotiations conducted, which negotiations
23  ended in an agreement that forms the basis for this Stipulation.
24   Based on the foregoing, Named Plaintiff has determined that the
25  Settlement set forth in this Agreement is a fair, adequate and
26  reasonable settlement, and is in the best interests of the
27  Plaintiffs.

28  V.  Oldenkamp'S REASONS FOR SETTLEMENT

1    _____Oldenkamp has concluded that any further defense of this
2    litigation would be protracted and expensive for all Parties.
3    Substantial amounts of time, energy and resources of Oldenkamp have
4    been and, unless this Settlement is made, will continue to be
5    devoted to the defense of the claims asserted by Plaintiffs.
6    Oldenkamp has, therefore, agreed to settle in the manner and upon
7    the terms set forth in this Agreement to put to rest the Claims as
8    set forth in the Class Actions.

9    VI.   Oldenkamp'S DENIALS OF WRONGDOING

10   _____Oldenkamp has denied and continues to deny each of the claims
11   and contentions alleged by Plaintiffs in the Actions.  Oldenkamp
12   has repeatedly asserted and continues to assert defenses thereto,
13   and has expressly denied and continues to deny any wrongdoing or
14   legal liability arising out of any of the facts or conduct alleged
15   in the Actions.  Oldenkamp also has denied and continues to deny,
16   *inter alia*, the allegations that the Plaintiffs have suffered
17   damage; that Oldenkamp misclassified any of the Plaintiffs as
18   exempt from overtime; that Oldenkamp failed to pay any of the
19   Plaintiffs for all overtime to which they were entitled; that
20   Oldenkamp engaged in any unlawful, unfair or fraudulent business
21   practices; that Oldenkamp engaged in any wrongful conduct as
22   alleged in the Actions; or that the Plaintiffs were harmed by the
23   conduct alleged in the Action.  Neither this Agreement nor any
24   document referred to or contemplated herein, nor any action taken
25   to carry out this Agreement, is, may be construed as, or may be
26   used as an admission, concession or indication by or against
27   Oldenkamp of any fault, wrongdoing or liability whatsoever.

28   VII. PLAINTIFFS' CLAIMS

1    \_\_\_\_\_Plaintiff has claimed and continues to claim that the Released
2    Claims (as defined below) have merit and give rise to liability on
3    the part of Oldenkamp.  Neither this Agreement nor any documents
4    referred to herein, or any action taken to carry out this Agreement
5    is, or may be construed as or may be used as an admission by or
6    against the Plaintiff or Class Counsel as to the merits or lack
7    thereof of the claims asserted, except as to the Released Claims of
8    the Class Members.

9        NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the
10   Named Plaintiff on behalf of the Plaintiffs on the one hand, and
11   Oldenkamp on the other hand, and subject to the approval of the
12   District Court, that the Class Actions are hereby being compromised
13   and settled pursuant to the terms and conditions set forth in this
14   Agreement and that upon the Effective Date (as defined below) the
15   Class Actions shall be dismissed with prejudice, subject to the
16   recitals set forth hereinabove which by this reference become an
17   integral part of this Agreement and subject to the following terms
18   and conditions:

19       1.   "_Effective Date_".  As used in this Settlement, "Effective
20   Date" means the date by which this Settlement is finally approved
21   as provided herein and the District Court's Final Judgment ("Final
22   Judgment" or "Judgment") becomes final.  For purposes of this
23   paragraph, the District Court's Final Judgment "becomes final" upon
24   the latter of: (i) the date of final affirmance on an appeal of the
25   Final Judgment; (ii) the expiration of the time for a petition for
26   a writ of certiorari to review the Final Judgment and, if
27   certiorari be granted, the date of final affirmance of the Final
28   Judgment following review pursuant to that grant; (iii) the date of

1   final dismissal of any appeal from the Final Judgment or the final
2   dismissal of any proceeding on certiorari to review the Final
3   Judgment; or (iv) if no appeal is filed, the expiration date of the
4   time for the filing or noticing of any appeal from the District
5   Court's Final Judgment.

6       2.   Full Investigation. Named Plaintiff has fully investi-
7   gated the factual and legal bases for the causes of action asserted
8   in the Class Actions. Furthermore, the United States Department Of
9   Labor (DOL) has conducted an audit of alleged unpaid overtime for
10  the period from January 18, 2003 to January 1, 2005 (See Exhibit 1
11  hereto).      Oldenkamp has denied that it misclassified the
12  Plaintiffs as exempt from overtime laws or failed to pay Plaintiffs
13  for all overtime due. As a result of their investigation, Named
14  Plaintiff continues to believe that Oldenkamp misclassified at
15  least some of the Plaintiffs and unlawfully failed to pay them
16  overtime between September 20, 2000 to January 1, 2005. Given the
17  disagreement between the Parties as to the viability of the claims
18  raised by the Named Plaintiff in the Class Actions, the Parties
19  believe the Settlement provided for herein is a fair, adequate, and
20  reasonable settlement.

21      3.   Release As To All Class Members.  As of the Effective
22  Date, the Class Members, including the Named Plaintiff, release
23  Oldenkamp and each of their past or present owners, officers,
24  directors, shareholders, employees, agents, principals, heirs,
25  representatives, accountants, auditors, consultants, insurers and
26  reinsurers, and its and their respective successors and
27  predecessors in interest, subsidiaries, affiliates, parents and
28  attorneys and each of their company-sponsored employee benefit

1  | plans and all of their respective officers, directors, employees,

2  | administrators, fiduciaries, trustees and agents (the "Released

3  | Parties"), from the "Released Claims."  For purposes of this

4  | Agreement, the "Released Claims" are defined as:

5  |         a.    all claims, demands, rights, liabilities, and

6  | causes of action of every nature and description whatsoever,

7  |         b.    known or unknown, asserted or that might have been

8  | asserted,

9  |         c.    Whether in tort, contract, or for violation of any

10 | state or federal constitution, statute, rule or regulation,

11 | including state wage and hour laws,

12 |         d.    whether for economic damages, non-economic damages,

13 | restitution, penalties or liquidated damages,

14 |         e.    arising out of, relating to, or in connection with:

15 |                 Any and all facts, transactions,
                   events, policies, occurrences, acts,
16 |                 disclosures, statements, omissions
                   or failures to act, which are or
17 |                 could be the basis of claims that
                   Oldenkamp did not comply with all
18 |                 state wage and hour laws, including
                   claims: (a) that Oldenkamp did not
19 |                 pay the Plaintiffs all amounts due
                   for work that was performed by the
20 |                 Plaintiffs for Oldenkamp; (b);
                   and/or that Oldenkamp owes wages,
21 |                 penalties, interest, attorneys' fees
                   or other damages of any kind based
22 |                 on a failure to comply with any
                   state wage and hour laws, at any
23 |                 times on or before the last day of
                   the Class Period (whether based on
24 |                 California state wage and hour law,
                   contract, or otherwise); and/or
25 |                 the causes of action asserted in the
                   Class Actions, including any and all
26 |                 claims for alleged failure to pay
                   overtime pursuant to state law,
27 |                 federal law, or contract, and, as
                   related to the foregoing, for
28 |                 alleged unlawful, unfair and/or
                   fraudulent business practices under

1
California Business and Professions
Code § 17200, et seq.

2

3          The Released Claims include any unknown claims that the
4   Class Members do not know or suspect to exist in their favor at the
5   time of the release, which, if known by them, might have affected
6   their settlement with, and release of, the Released Parties or
7   might have affected their decision not to object to this
8   Settlement. With respect to the Released Claims, the Class Members
9   stipulate and agree that, upon the Effective Date, the Class
10  Members shall be deemed to have, and by operation of the Final
11  Judgment shall have, expressly waived and relinquished, to the
12  fullest extent permitted by law, the provisions, rights and
13  benefits of Section 1542 of the California Civil Code, or any other
14  similar provision under federal or state law, which Section
15  provides:

16
17              A general release does not extend to
                claims which the creditor does not
18              know or suspect to exist in his or
                her favor at the time of executing
19              the release, which if known by him
                or her must have materially affected
20              his or her settlement with the
                debtor.

21

22          The Class Members may hereafter discover facts in addition to
23  or different from those they now know or believe to be true with
24  respect to the subject matter of the Released Claims, but upon the
25  Effective Date, shall be deemed to have, and by operation of the
26  Final Judgment shall have, fully, finally, and forever settled and
27  released any and all of the Released Claims, whether known or
28  unknown, suspected or unsuspected, contingent or non-contingent,

STIPULATION AND SETTLEMENT AGREEMENT OF                                    CASE NO. CIV F-04-6279 AWI LJO
ACTION CLAIMS; EXHIBITS 1-5                       9

1   which now exist, or heretofore have existed, upon any theory of law
2   or equity now existing or coming into existence in the future,
3   including, but not limited to, conduct that is negligent,
4   intentional, with or without malice, or a breach of any duty, law
5   or rule, without regard to the subsequent discovery or existence of
6   such different or additional facts.

7

8          The Class Members agree not to sue or otherwise make a
9   claim against any of the Released Parties that is in any way
10  related to the Released Claims.

11      4.   Release As to All Settlement Class Members.  As of the
12  Effective Date, all Settlement Class Members, including the Named
13  Plaintiff, in addition to releasing the Released Parties from the
14  Released Claims as outlined in subsection 3, release the Released
15  Parties from the "Released Federal Claims."  For purposes of this
16  Agreement, the "Released Federal Claims" are defined as:

17          a.   all claims, demands, rights, liabilities, and
18  causes of action of every nature and description whatsoever,

19          b.   known or unknown, asserted or that might have been
20  asserted,

21          c.   whether in tort, contract, or for violation of any
22  state or federal constitution, statute, rule or regulation,
23  including federal wage and hour laws,

24          d.   whether for economic damages, non-economic damages,
25  restitution, penalties or liquidated damages,

26          e.   arising out of, relating to, or in connection with:
27
28          any and all facts, transactions, events,
            policies, occurrences, acts, disclosures,
            statements, omissions or failures to act,

1

2

3

4

5

6

> which are or could be the basis of claims that Oldenkamp did not comply with all federal wage and hour laws, including the Fair Labor Standards Act, as well as claims: (a) that Oldenkamp did not pay the Plaintiffs all amounts due for work that was performed by the Plaintiffs for Oldenkamp; and/or the causes of action asserted in the Class Actions, including any and all claims for alleged failure to pay overtime.

7   The Released Federal Claims include any unknown claims that

8   the Settlement Class Members do not know or suspect to exist in

9   their favor at the time of the release, which, if known by them,

10  might have affected their settlement with, and release of, the

11  Released Parties or might have affected their decision not to

12  object to this Settlement.  With respect to the Released Federal

13  Claims, the Settlement Class Members stipulate and agree that, upon

14  the Effective Date, the Settlement Class Members shall be deemed to

15  have, and by operation of the Final Judgment shall have, expressly

16  waived and relinquished, to the fullest extent permitted by law,

17  the provisions, rights and benefits of Section 1542 of the

18  California Civil Code, or any other similar provision under federal

19  or state law, which Section provides:

20

21

22

23

24

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

25  The Settlement Class Members may hereafter discover facts

26  in addition to or different from those they now know or believe to

27  be true with respect to the subject matter of the Released Federal

28  Claims, but upon the Effective Date, shall be deemed to have, and

by operation of the Final Judgment shall have, fully, finally, and

STIPULATION AND SETTLEMENT AGREEMENT OF
ACTION CLAIMS; EXHIBITS 1-5                    11                    CASE NO. CIV F-04-6279 AWI LJO

1  forever settled and released any and all of the Released Federal
2  Claims, whether known or unknown, suspected or unsuspected,
3  contingent or non-contingent, which now exist, or heretofore have
4  existed, upon any theory of law or equity now existing or coming
5  into existence in the future, including, but not limited to,
6  conduct that is negligent, intentional, with or without malice, or
7  a breach of any duty, law or rule, without regard to the subsequent
8  discovery or existence of such different or additional facts.

9          The Settlement Class Members agree not to sue or
10 otherwise make a claim against any of the Released Parties that is
11 in any way related to the Released Federal Claims.

12     5.   General Release By Named Plaintiffs Only. In addition to
13 the releases made in Paragraphs 3 and 4 hereof, the Named
14 Plaintiff, as of the Effective Date, makes the additional following
15 general release of all claims, known or unknown.

16          a.   The Named Plaintiff releases the Released Parties
17 from all claims, demands, rights, liabilities and causes of action
18 of every nature and description whatsoever, known or unknown,
19 asserted or that might have been asserted, whether in tort,
20 contract, or for violation of any state or federal statute, rule or
21 regulation arising out of, relating to, or in connection with any
22 act or omission by or on the part of any of the Released Parties
23 committed or omitted prior to the execution hereof.  (The release
24 set forth in this Paragraph 5 shall be referred to hereinafter as
25 the "General Release").

26          b.   The General Release includes any unknown claims the
27 Named Plaintiff does not know or suspect to exist in his favor at
28 the time of the General Release, which, if known by him, might have

1  affected his settlement with, and release of, the Released Parties
2  by the Named Plaintiff or might have affected his decision not to
3  object to this Settlement or the General Release.

4            c.    With respect to the General Release, the Named
5  Plaintiff stipulates and agrees that, upon the Effective Date, the
6  Named Plaintiff shall be deemed to have, and by operation of the
7  Final Judgment shall have, expressly waived and relinquished, to
8  the fullest extent permitted by law, the provisions, rights and
9  benefits of Section 1542 of the California Civil Code, or any other
10 similar provision under federal or state law, which provides:

11                    A general release does not extend to
                      claims which the creditor does not know
12                    or suspect to exist in his or her favor
                      at the time of executing the release,
13                    which if known by him or her must have
                      materially affected his or her settlement
14                    with the debtor.

15
16            d.    The Named Plaintiff may hereafter discover facts in
17 addition to or different from those he now knows or believes to be
   true with respect to the subject matter of the General Release, but
18
   the Named Plaintiff upon the Effective Date, shall be deemed to
19
   have, and by operation of the Final Judgment shall have, fully,
20
   finally, and forever settled and released any and all of the claims
21
   released pursuant to the General Release whether known or unknown,
22
   suspected or unsuspected, contingent or non-contingent, which now
23
   exist, or heretofore have existed upon any theory of law or equity
24
   now existing or coming into existence in the future, including, but
25
   not limited to, conduct that is negligent, intentional, with or
26
   without malice, or a breach of any duty, law or rule, without
27
   regard to the subsequent discovery or existence of such different
28
   or additional facts.

1        6.   Settlement Fund. The term "Settlement Fund" shall refer
2   to the funds that Oldenkamp will distribute to Settlement Class
3   Members and Plaintiffs' counsel in accordance with Paragraph 8
4   below.   The Settlement Fund shall total $129,300.00 (One Hundred
5   Twenty-Nine Thousand Three Hundred Dollars and No Cents).  It does
6   not include the employer's share of applicable payroll taxes or
7   costs of administration.

8        7.   Allocation of Settlement Fund. The Settlement Fund shall
9   be allocated among these elements:  (a) the total payments to the
10  Settlement Class Members of the Gross Settlement Amounts less
11  deductions as explained in paragraph 8 below (the potential total
12  Gross Settlement Amounts shall collectively be referred to as the
13  "Payout Fund"); (b) the Fees Award (as hereinafter defined) to
14  Class Counsel; (c) the Costs Award (as hereinafter defined); and
15  (d) the Incentive Award to the Named Plaintiff (as hereinafter
16  defined).

17       There shall be no reversion of any portion of the Settlement
18  Fund to Defendant Oldenkamp.  Any Settlement Class 1 Awards which
19  are not negotiated within ninety (90) days of issuance shall revert
20  to the U.S. DOL (See letter from DOL attached as Exhibit 2).  Any
21  Settlement Class 2 Awards which are not negotiated within ninety
22  (90) days of issuance shall be distributed on a pro rata basis to
23  the remaining Settlement Class 2 members who have negotiated their
24  Awards.

25       8.   Plan of Allocation for Payment to Settlement Class
          Members.
26

27       Within fifteen (15) days after the Effective Date, and solely
28  for purposes of this Settlement, Oldenkamp shall pay the Settlement

1    Awards (as hereinafter defined) to the Settlement Class Members in
2    accordance with the following eligibility and settlement formula
3    requirements:

4           a.    Excluded from becoming Settlement Class Members are
5    those Plaintiffs who submit valid and timely requests for exclusion
6    pursuant to the terms and procedures of the Notice Of Proposed
7    Class Action Settlement And Fairness hearing (attached as Exhibit 3
8    hereto).

9           b.    All Class Members will be eligible to submit a
10    claim for a "Settlement Award" (as defined below). If a Class
11    Member submits a timely and properly completed Claim Form/FLSA
12    Consent Form ("Claim Form") (attached as Exhibit 4 hereto) then the
13    Class Member will be a "Settlement Class Member."

14           c. Oldenkamp will pay Settlement Awards to all Settlement
15    Class Members. The Gross Settlement amounts payable to Settlement
16    Class 1 members shall be in accordance with the DOL Audit (See
17    Exhibit 1) plus the unpaid overtime hours owed to Plaintiff Eduardo
18    Aguayo.

19           The Gross Settlement Amounts payable to the Settlement
20    Class 2 Members will be paid from the remaining Payout Funds (i.e.
21    those funds remaining after payment of attorney fees and costs, the
22    incentive award to the named plaintiff and the Awards to Settlement
23    Class 1 members) and will be calculated by first determining the
24    number of overtime hours worked by each Settlement Class 2 Member
25    between September 20, 2000 and January 18, 2003. The total number
26    of overtime hours worked by the Settlement Class 2 Members will be
27    added together ("Total Overtime Hours.") The number of overtime
28    hours worked by each Settlement Class 2 Member will be divided by

1  the Total Overtime Hours Worked, resulting in a payout ratio for

2  each Settlement Class 2 Member ("Payout Ratio").    The Gross

3  Settlement Amount to each Settlement Class 2 Member will be

4  determined by multiplying an individual's Payout Ratio by the

5  remaining Payout Fund ("Gross Settlement Amount").  The records of

6  Oldenkamp showing the number of overtime hours worked by each

7  Plaintiff will be dispositive.

8         d.    From each Settlement Class Member's Gross Settle-

9  ment Amount, payroll deductions will be made for state and federal

10  withholding taxes and any other applicable payroll deductions owed

11  by the Settlement Class Member as a result of the payment,

12  resulting in a "Net Settlement Amount." The Net Settlement Amount

13  that will be paid to each Settlement Class Member is the Settlement

14  Class Member's "Settlement Award."   Oldenkamp shall pay the

15  employer's share of any applicable payroll taxes.

16  _____d.    CIRCULAR 230 DISCLAIMER.  EACH PARTY TO THIS

17  AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY";

18  AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING

19  PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO

20  PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR

21  DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND

22  OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH

23  COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED

24  UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY

25  DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE

26  ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS

27  OWN, INDEPENDENT LEGAL AND TAX ADVISERS FOR ADVICE (INCLUDING TAX

28  ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO

1   THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR
2   ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED
3   TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR
4   ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE
5   IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER
6   TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE
7   CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES
8   (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON
9   DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX
10  STRUCTURE    OF    ANY    TRANSACTION,    INCLUDING    ANY    TRANSACTION
11  CONTEMPLATED BY THIS AGREEMENT.

12  _____9.    Prospective Employment Practices.  As noted above,
13  Oldenkamp believed and believes that all of its drivers were
14  properly classified as exempt from overtime pursuant to state and
15  federal law.   However, the Parties desire to eliminate future
16  disputes as to these issues and consequently the Parties have
17  agreed as follows:

18         a.    As of January 1, 2005, Oldenkamp has and will
19  continue to classify all intrastate milk drivers as not exempt for
20  purposes of FLSA overtime wages.

21         b.    Except as set forth in the preceding paragraph in
22  this Section 9, Oldenkamp is not obligated by virtue of this
23  Settlement Agreement to make any particular changes from Exempt to
24  non-Exempt status.

25         c.    To the extent Oldenkamp makes any changes from
26  Exempt to non-Exempt status, Oldenkamp may later change the
27  employees to Exempt status based on any relevant changes or

28

1  clarifications to California state law, Federal law, or
2  administrative interpretation.

3      10.  Fees Award and Incentive Award.

4          a.   Jerry Budin of the Law Offices of Jerry Budin
5  ("Plaintiffs' Counsel" or "Class Counsel") shall seek an award of
6  attorneys' fees ("Fees Award") of $15,000.00 (Fifteen Thousand
7  Dollars and No Cents), constituting twelve percent (12%) of the
8  value of the Settlement Fund.  Class Counsel shall also seek an
9  award for actual costs incurred in the pursuit of this action
10 ("Costs Award").  Plaintiffs' Counsel shall not be permitted to
11 petition the Court for, or accept, any additional payments for
12 fees, costs or interest and the Fees Award shall be for all claims
13 for attorneys' fees and costs past, present and future incurred in
14 the Actions.  Oldenkamp will not oppose the request for fees and
15 costs.

16         b.   The Fees Award and Costs Award shall be paid by
17 Oldenkamp from the Settlement Fund to the Plaintiffs' counsel
18 within one-hundred eighty (180) calendar days after the Effective
19 Date.

20         c.   Oldenkamp's payment of the Fees Award and Costs
21 Award to the Plaintiffs' counsel shall constitute full satisfaction
22 of the obligation to pay any amounts to any person, attorney or law
23 firm for attorneys' fees, expenses or costs in the Action incurred
24 by any attorney on behalf of Named Plaintiffs and the Class
25 Members, and shall relieve Oldenkamp, the Claims Administrator, the
26 Settlement Fund, and Oldenkamp's Counsel of any other claims or
27 liability to any other attorney or law firm for any attorneys'
28

1  fees, expenses and/or costs to which any of them may claim to be
2  entitled on behalf of Named Plaintiff and the Class Members.

3       d.   Class Counsel will apply for an incentive award to
4  the Named Plaintiff, Eduardo Aguayo, in an amount not to exceed
5  $5,000 (Five Thousand Dollars) ("Incentive Award") to be paid by
6  the Plaintiffs to the Named Plaintiff for his time and effort spent
7  pursuing the Action.  The Incentive Award shall be paid out of and
8  deducted from the Settlement Fund, and for administrative purposes
9  shall be paid in the form of a check from Oldenkamp.  Oldenkamp and
10 the Plaintiffs agree not to oppose such an application, so long as
11 it is consistent with the provisions of this Agreement.   Any
12 Incentive Award shall be sent to Class Counsel within fifteen (15)
13 days of the Effective Date.

14     The Named Plaintiff shall also receive a Settlement Award from
15 Oldenkamp pursuant to Section VII(8)(c) above in addition to this
16 Incentive Award from the Plaintiffs.   The Named Plaintiff's
17 Incentive Award will not be treated as wages for withholding
18 purposes.  The Named Plaintiff will receive a 1099 form related to
19 the Incentive Award.   If at some future date it should be claimed
20 or determined that any tax withholding should have been made by
21 Oldenkamp or tax payment made by Named Plaintiff resulting from or
22 relating to the settlement of this case, Named Plaintiff agrees to
23 be solely liable for and pay all taxes, penalties, and assessments.
24 Named Plaintiff also agree to indemnify and hold Oldenkamp harmless
25 from any costs, penalties, and assessments to which Oldenkamp may
26 be subject to by reason of its payment in settlement of this case.
27     e.   If Oldenkamp fails to pay any amounts due under this
28 Agreement within the times allowed, then Oldenkamp will be

1  obligated to pay 6% per annum interest on the past due amounts,
2  running from the due date(s) for the past due amounts.

3     11.  Responsibilities of Oldenkamp.  Oldenkamp shall:

4  _____a.   Pay the Claims Administrator for costs and expenses
5  of administering this Settlement after the Claims Administrator has
6  submitted bills to Oldenkamp and those bills have been approved by
7  Oldenkamp;

8           b.   Pay the Incentive Award to the Named Plaintiff
9  within 15 calendar days after the Effective Date;

10 _____c.   Pay the Fees Award and Costs Award within 180
11 calendar days after the Effective Date;

12          d. Provide, after the execution of this Stipulation, the
13 Claims Administrator and Class Counsel with "Database Reports"
14 showing each Plaintiff's name, address, employee or social security
15 number and payroll history between September 20, 2000 and January
16 18, 2003;

17          e.   Pay the Settlement Awards to the Settlement Class
18 Members in accordance with the terms of this Agreement;

19 _____12.  Operation of the Settlement Fund.

20 _____a.   At no time shall Oldenkamp have the obligation to
21 segregate the funds comprising the Settlement Fund from its other
22 assets and will retain exclusive authority over, and responsibility
23 for, those funds.

24          b.   Either Oldenkamp or the Claims Administrator, as
25 determined by Oldenkamp, will calculate the net amounts to be paid
26 to the Settlement Class Members from the Payout Fund in accordance
27 with the terms and provisions of this Agreement.

28          c.   Either Oldenkamp or the Claims Administrator, as

1  determined by Oldenkamp, shall have the authority and obligation to
2  make payments, credits and disbursements, including payments and
3  credits in the manner set forth herein, to Settlement Class Members
4  from the Payout Fund calculated in accordance with the methodology
5  set out in this Agreement and orders of the Court.

6      d.    Either Oldenkamp or the Claims Administrator, as
7  determined  by  Oldenkamp,  shall  make  all  proper  payments,
8  disbursements and credits from the Settlement Fund.

9      e.    The Parties do not believe there are any tax return
10 filing requirements pursuant to this Agreement.  However, to the
11 extent any tax returns must be filed, either Oldenkamp or the
12 Claims Administrator, as determined by Oldenkamp, shall also cause
13 to be timely and properly filed all informational and other tax
14 returns, if any, necessary with respect to the Settlement Fund.
15 Such returns shall be consistent with this paragraph.  The parties
16 do not believe that the operation of the Settlement Fund will
17 generate any taxable income, as no segregated Settlement Fund will
18 be created.  However, if any taxable income is generated by the
19 Settlement Fund, in all events the tax returns filed shall reflect
20 that all taxes payable on the taxable income of the Settlement
21 Fund, if any, shall be paid by Oldenkamp. Any expenses consisting
22 of the expenses and costs incurred in connection with the operation
23 and   implementation  of  this  paragraph  (including,  without
24 limitation, reasonable expenses of tax attorneys, accountants or
25 other  designees  retained  by  Oldenkamp  and/or  the  Claims
26 Administrator as required for the preparation and filing of tax
27 returns described in this paragraph) shall be treated as, and

28

1 considered to be, a cost of administration of the Settlement and
2 paid by Oldenkamp.

3         f.    No person or entity, including Oldenkamp,
4 Oldenkamp's Counsel, the Named Plaintiff, Plaintiffs, Class
5 Members, Plaintiffs' Counsel or the Claims Administrator shall have
6 any claim against Oldenkamp, Oldenkamp's Counsel, the Named
7 Plaintiff, Plaintiffs, Class Members, Plaintiffs' Counsel or the
8 Claims Administrator based on distributions and payments made in
9 accordance with this Agreement.

10         g.    The maximum amount Oldenkamp can be required to pay
11 under this Settlement for any purpose is the amount of the
12 Settlement Fund and the cost of the Claims Administrator, plus its
13 share of any applicable payroll taxes.

14     13.   No Injunctive Relief. As part of this Settlement,
15 Oldenkamp shall not be required to enter into any consent decree,
16 nor shall Oldenkamp be required to agree to any provision for
17 injunctive relief.

18     14.   Notice/Approval    of   Settlement   and   Settlement
        Implementation.
19

20 As part of this Settlement, the Parties agree to the following
21 procedures for obtaining preliminary District Court approval of the
22 Settlement, certifying a Settlement Class, notifying Class Members,
23 obtaining final District Court approval of the Settlement and
24 processing the settlement payments:

25         a.    Preliminary Settlement Hearing. Plaintiff shall
26 request a hearing before the District Court to request preliminary
27 approval of the Settlement and to request the entry of the order
28 for certification of the Settlement Class ("Preliminary Approval

1  Order" or "Order") (attached as Exhibit 5 hereto). In conjunction
2  with this hearing, Plaintiff will submit this Agreement, which sets
3  forth the terms of this Settlement, and will include proposed forms
4  of all notices and other documents as attached hereto necessary to
5  implement the Settlement.

6           b.    Certification of Settlement Classes.

7  Simultaneous with the filing of the Stipulation of Settlement and
8  solely for purposes of this Settlement, Plaintiff will request the
9  District   Court   to   enter   the   Preliminary   Approval   Order
10 substantially in the form of Exhibit 5 hereto, preliminarily
11 approving the proposed Settlement, forming the Settlement Classes
12 and setting a date for a Fairness Hearing to determine final
13 approval of the Settlement. The Order shall provide for notice of
14 the Settlement and related matters to be sent to Class Members as
15 specified herein.

16           c.    Notice to Class Members. Notice of the Settlement
17 shall be provided to Class Members, and Class Members shall submit
18 objections to the Settlement and/or requests for exclusion from the
19 Classes, using the following procedures:

20      (1)  Claims Administrator.    Gilardi & Co.  (hereinafter
21           "Gilardi"), or such other entity upon whom the Parties
22           mutually agree, shall be retained to serve as Claims
23           Administrator.  Subject to Oldenkamp's exercise of its
24           discretion to do these tasks itself as set forth in
25           Paragraphs 11 and 12, the Claims Administrator shall be
26           responsible for preparing, printing and mailing the
27           Notice (attached as Exhibit 3 hereto) and the Claim Form
28           (attached as Exhibit 4 hereto) as directed by the Court

1      to the Class Members, receiving and reviewing the Claim

2      Forms submitted by Class Members to determine eligibility

3      for payment as a Settlement Class Member and the amount

4      of any such payment, along with the amount of all payroll

5      tax deductions to be withheld, keeping track of opt outs,

6      drafting and mailing Settlement Award checks to

7      Settlement Class Members, and for such other tasks as the

8      Parties mutually agree or the District Court orders the

9      Claims Administrator to perform. The Parties each

10      represent they do not have any financial interest in

11      Gilardi or otherwise have a relationship with Gilardi

12      that could create a conflict of interest. Oldenkamp

13      shall be responsible for paying all agreed Claims

14      Administrator's Administration Fees upon presentation of

15      invoices by the Claims Administrator. Oldenkamp shall

16      also be responsible for paying over to the Claims

17      Administrator at such times as requested by the Claims

18      Administrator those amounts necessary to enable the

19      Claims Administrator to pay Settlement Class Members, if

20      those payments are made by the Claims Administrator

21      rather than Oldenkamp.

22    (2)   Notice By First-Class Mail. Within 30 days after entry

23      of the Preliminary Approval Order as provided herein, the

24      Claims Administrator shall send a copy of a Notice Of

25      Proposed Class Action Settlement And Fairness Hearing

26      ("Notice") (attached as Exhibit 3 hereto ), together with

27      a Claim Form (attached as Exhibit 4 hereto), to all Class

28      Members via First Class regular U.S. mail, using the most

1      current mailing address information for Class Members as

2      provided by Oldenkamp to the Claims Administrator from

3      Oldenkamp's payroll records.  Any Notices returned to the

4      Claims    Administrator    as    non-delivered    before    the

5      Objection/Exclusion Deadline Date specified below, shall

6      be sent to the forwarding address affixed thereto.  If no

7      forwarding address is provided, then Oldenkamp (or the

8      Claims Administrator) shall promptly attempt to determine

9      a correct address using a single computer or other search

10      using  the  social  security  number  of  the  individual

11      involved.  In the event the procedures in this paragraph

12      are followed and the intended recipient of a Notice still

13      does not receive the Notice, the intended recipient shall

14      remain a Class Member and will be bound by all terms of

15      the Settlement and any Final Judgment entered by the

16      District Court if the Settlement is approved by the

17      District Court.   In the event the procedures in this

18      paragraph are followed and a Class Member does not

19      ultimately return a Claim Form/FLSA Consent Form, the

20      Class Member shall remain a Class Member and will be

21      bound by all terms of the Settlement and any Final

22      Judgment entered by the District Court if the Settlement

23      is approved by the District Court, so long as the Class

24      Member does not properly and timely indicate that he or

25      she wishes to be excluded from the Class.   At the

26      direction of Oldenkamp, the Claims Administrator shall

27      send additional Notices and correspondence to any Class

28      Member that did not respond to the initial Notice.

15.  Procedure for Objecting to or Requesting Exclusion From Class Action Settlement.

a.    Procedure for Objecting.  The Notice shall provide that Class Members/Settlement Class Members who wish to object to the Settlement must file with the District Court and serve on counsel for the Parties a written statement objecting to the Settlement.  Such written statement must be filed with the District Court and served on counsel for the Parties no later than thirty (30) days after the date the Notice is first mailed (the "Objection/Exclusion Deadline Date").  No Class Members/Settlement Class Members shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Members/Settlement Class Members shall be received or considered by the District Court at the Fairness Hearing, unless written notice of the Class Members'/Settlement Class Members' intention to appear at the Fairness Hearing, and copies of any written objections or briefs, shall have been filed with the District Court and served on counsel for the Parties on or before the Objection/Exclusion Deadline Date.    Class Members/Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

b.    Procedure for Requesting Exclusion.  The Notice shall provide that Class Members who wish to exclude themselves from the Settlement Classes must submit a written statement requesting exclusion from the Settlement Classes on or before the Objection/Exclusion Deadline Date.    Such written request for

1  exclusion must contain the name, address, telephone number and
2  Social Security number of the person requesting exclusion and the
3  location and years of his or her employment by Oldenkamp, must be
4  returned by mail to the Claims Administrator at a specified address
5  and must be postmarked on or before the Objection/Exclusion
6  Deadline Date.  The date of the postmark on the return mailing
7  envelope shall be the exclusive means used to determine whether a
8  request for exclusion has been timely submitted.

9      Any Plaintiff who opts out of the Settlement Classes will not
10  be entitled to any recovery under the Settlement and will not be
11  bound by the Settlement or have any right to object, appeal or
12  comment thereon.  Class Members who fail to submit a valid and
13  timely request for exclusion on or before the Objection/Exclusion
14  Deadline Date shall be bound by all terms of the Settlement and any
15  Final Judgment entered in this Class Action if the Settlement is
16  approved by the District Court, regardless of whether they have
17  requested exclusion from the Settlement.

18      Class Members who fail to submit a Claim Form/FLSA Consent
19  Form that is approved for payment under the terms of this
20  Stipulation, and as such are not Settlement Class Members, will
21  remain a Class Member and shall be bound by all terms of the
22  Settlement and any Final Judgment entered in the Class Actions,
23  even though he or she will receive no Settlement Award, so long as
24  he or she does not timely and properly request to be excluded from
25  the Settlement.

26      No later than five court days before the Fairness Hearing, the
27  Claims Administrator shall provide Oldenkamp's Counsel and
28  Plaintiffs' Counsel with a complete list of all Class Members who

1 | have timely requested exclusion from the Settlement Classes, along
2 | with the number and gross settlement amount of valid Claim Forms
3 | received.

4 | ///

5 |     16.  <u>No Solicitation of Settlement Objections or Exclusions</u>.
6 | The Parties agree to use their best efforts to carry out the terms
7 | of this Settlement.  At no time shall any of the Parties or their
8 | counsel seek to solicit or otherwise encourage Settlement Class
9 | Members to submit written objections to the Settlement or requests
10 | for exclusion from the Settlement Class, or appeal from the
11 | District Court's Final Judgment.

12 |     17.  <u>Option to Terminate Settlement</u>.  If, after the
13 | objection/Exclusion Deadline Date and before the Fairness Hearing
14 | referenced in paragraph 18 below, persons who otherwise would be
15 | members of the Settlement Class have filed timely requests for
16 | exclusion from the Settlement Class in accordance with
17 | paragraph 15(b) above, and the collective overtime hours worked by
18 | such persons constitute more than 5 % of the total number of
19 | overtime hours worked by Plaintiffs, Oldenkamp shall have, in its
20 | sole discretion, the option to terminate this Settlement.
21 | Additionally, Oldenkamp shall have the right to terminate this
22 | Settlement if more than 20% of the Plaintiffs fail to submit a
23 | Claim Form/FLSA Consent Form that is approved for payment under the
24 | terms of this Stipulation.

25 | _____In addition, Oldenkamp shall have the right to terminate this
26 | settlement if the United States Department of Labor fails to
27 | certify in a manner and form acceptable to Oldenkamp that all
28 | claims that it may bring on its own behalf or on behalf of current

1 || or former employees of Oldenkamp have been extinguished and
2 || satisfied and that it does not intend to pursue any claims against
3 || Oldenkamp.

4 ||     18. <u>Final Settlement Approval Hearing and Entry of Final</u>
        <u>Judgment.</u>
5

6 || Upon expiration of the Objection/Exclusion Deadline Date, with the
7 || District Court's permission, a Fairness Hearing shall be conducted
8 || to determine final approval of the Settlement along with the amount
9 || properly payable for (i) attorneys' fees and costs, (ii) the
10 || Incentive Award, and (iii) cost of administration.  Upon final
11 || approval of the Settlement by the District Court at or after the
12 || Fairness Hearing, the Parties shall present a Final Judgment
13 || ("Final Judgment") to the District Court for its approval.  After
14 || entry of the Final Judgment, the District Court shall have
15 || continuing jurisdiction solely for purposes of addressing:
16 || (i) settlement administration matters and (ii) such post-Final
17 || Judgment matters as may be appropriate under court rules or as set
18 || forth in this Agreement.

19 ||     19. <u>Procedure for Payment of Settlement Awards.</u>

20 || Except for Plaintiffs who submit valid and timely requests for
21 || exclusion as provided herein, all Settlement Class Members who have
22 || submitted a valid and timely Claim Form will receive a Settlement
23 || Award from Oldenkamp, distributed by Oldenkamp or through the
24 || Claims Administrator.  A Plaintiff who submits a valid and timely
25 || request for exclusion will not receive a Settlement Award, even if
26 || they submit a Claim Form.

27 ||     The Claim Form shall include instructions on how to submit the
28 || form, and shall notify Class Members that the Claim Form must be

1   completed, signed and returned by mail no later than sixty (60)
2   days after the date the Claim Form was mailed (the "Claim
3   Deadline") for a Class Member to be eligible to receive any
4   Settlement Award, unless Oldenkamp agrees to accept the late claim.
5   The date of the postmark on the return envelope shall be the
6   exclusive means used to determine whether a Class Member has
7   "timely" returned his/her Claim Form on or before the Claim
8   Deadline. Claim Forms received by the Claims Administrator that
9   have been postmarked after the Claim Deadline shall be disregarded.
10   ///

11   ///

12   For purposes of this Agreement, a Claim Form shall be deemed
13   "valid" only if: (1) the Class Member has provided on the Claim
14   Form his or her name, social security number and telephone number;
15   (2) the Class Member has dated and signed the Claim Form; and
16   (3) the name and social security number provided by the Class
17   Member on the Claim Form match Oldenkamp's records as provided to
18   the Claims Administrator.

19   If a Class Member's Claim Form is defective as to any of these
20   three requirements, the Class Member shall be given an opportunity
21   to cure the defect(s). Any such Claim Form shall be returned to
22   the Class Member, who will be informed of the defect(s). The Class
23   Member will be given twenty (20) days from the date the Claim Form
24   was mailed back to the Class Member within which to cure the
25   defect(s) and return the Claim Form to the Claims Administrator.
26   The Class Member shall be given the full twenty days to cure the
27   defect even if a portion of that amount of time exceeds the sixty
28   day period. If the revised Claim Form is not postmarked within

1  that twenty-day period, it shall be deemed untimely and the claim
2  will be rejected.

3       The name and social security number provided by the Class
4  Member will be deemed to match Oldenkamp's records only if:
5  (1) both the first name and the last name and the Social Security
6  number provided by the Class Member match Oldenkamp's records;
7  (2) the first name and the social security number provided by the
8  Class Member match Oldenkamp's records and it appears the last name
9  has been changed as a result of a change in marital status; (3) the
10 social security number and last name matches Oldenkamp's records
11 and the first name provided is either a nickname or a shortened or
12 lengthened version of the name that appears in Oldenkamp's records.

13      Although Class Members who do not submit a valid and timely
14 Claim Form shall not receive a Settlement Award, such persons shall
15 nonetheless be members of the Settlement Classes and will be bound
16 by all terms of the Settlement and any Final Judgment entered in
17 the Class Actions if the Settlement is approved by the District
18 Court.

19      After the conclusion of the defect cure period, the Claims
20 Administrator will send a Notice of Denied Claim form to any Class
21 Member who had submitted a Claim Form that was not timely and/or
22 not valid, stating the reason the claim was denied.

23      Settlement Awards for Settlement Class Members shall be paid
24 pursuant to the settlement formula set forth herein within fifteen
25 (15) days after the Effective Date.  Oldenkamp's and the Claims
26 Administrator's determination of eligibility for, and the amounts
27 of, any Settlement Awards under the terms of this Agreement, shall
28 be conclusive, final and binding on all Parties, including all

1  Settlement Class Members, subject to review by Plaintiffs' Counsel
2  and the Court, if necessary.

3      Any checks paid to Settlement Class Members shall remain valid
4  and negotiable for ninety (90) days from the date of their issuance
5  and may thereafter automatically be canceled if not cashed by a
6  Settlement Class Member within that time, at which time the
7  Settlement Class Member's claim will be deemed void and of no
8  further force and effect.

9      Any funds remaining as a result of a cancelled check, whether
10  the funds are in the possession of Oldenkamp or in any bank account
11  created by the Claims Administrator, shall be distributed as
12  follows:

13          a. The unpaid Settlement Awards to Settlement Class 1
14  Members shall be paid over to the U.S. DOL (see Exhibit 2 hereto);

15          b. The unpaid Settlement Awards to Settlement Class 2
16  members shall be paid on a pro rata basis to the other Settlement
17  Class 2 Members who negotiated their checks.

18      Administration of the Settlement shall be completed on or
19  before the date one hundred twenty (120) days after the Effective
20  Date.  Upon completion of administration of the Settlement, either
21  Oldenkamp or the Claims Administrator shall provide written
22  certification of such completion to the District Court and
23  Plaintiffs' Counsel.

24      20. Claims Administration Costs.  All of Oldenkamp's own
25  legal fees, costs and expenses incurred in this Action shall be
26  borne by Oldenkamp.  Oldenkamp shall also pay for the cost of any
27  Claims Administrator.  The Parties agree to cooperate in the
28  Settlement administration process and to make all reasonable

1  efforts to control and minimize the costs and expenses incurred in
2  administration of the Settlement.

3      21.  Nullification of Settlement Agreement.  In the event:
4  (i) the District Court does not enter the Order specified herein;
5  (ii) the District Court does not finally approve the Settlement as
6  provided herein; (iii) the District Court does not enter a Final
7  Judgment as provided herein which becomes final as a result of the
8  occurrence of the Effective Date; or (iv) the Settlement does not
9  become final for any other reason, this Settlement Agreement shall
10 be null and void and any order or judgment entered by the Court in
11 furtherance of this Settlement shall be treated as void *ab initio*.
12 In such a case, the Parties and any funds to be awarded under this
13 Settlement shall be returned to their respective statuses as of the
14 date and time immediately prior to the execution of this Agreement,
15 and the Parties shall proceed in all respects as if this Settlement
16 Agreement had not been executed, except that any fees already
17 incurred by the Claims Administrator shall be paid for by Oldenkamp
18 and shall not be repaid to Oldenkamp.  In the event an appeal is
19 filed from the District Court's Final Judgment, or any other
20 appellate review is sought prior to the Effective Date,
21 administration of the Settlement shall be stayed pending final
22 resolution of the appeal or other appellate review.

23      22.  Appraisal and Certification By Claims Administrator.

24      The Claims Administrator shall keep Oldenkamp, Oldenkamp's
25 counsel and Plaintiffs' Counsel apprised of all distributions from
26 the Settlement Fund (to the extent the Claims Administrator is
27 responsible for any such distribution) and upon completion of
28 administration of that portion of the Settlement, the Claims

1   Administrator shall provide written certification of such
2   completion to the District Court and counsel for all Parties.

3       23. Privacy of Documents and Information. Plaintiffs and
4   their counsel agree that none of the documents and information
5   provided to them by Oldenkamp shall be used for any purpose other
6   than prosecution of the Class Actions. The protective order
7   entered into by the parties shall remain in effect throughout the
8   completion of the settlement and following the conclusion of the
9   settlement and the dismissal of this matter.

10      24. No Effect on Employee Benefits. The Settlement Awards
11  paid to the Named Plaintiff or other Settlement Class Members shall
12  be deemed not to be pensionable earnings and shall not have any
13  effect on the eligibility for, or calculation of, any of the
14  employee benefits (e.g., vacations, holiday pay, retirement plans,
15  etc.) of the respective Named Plaintiff or Settlement Class
16  Members.   The Parties agree that any Settlement Awards to
17  Settlement Class Members under the terms of this Agreement do not
18  represent any modification of Settlement Class Members' previously
19  credited hours of service or other eligibility criteria under any
20  employee pension benefit plan or employee welfare benefit plan
21  sponsored by Oldenkamp. Further, any Settlement Awards or
22  Incentive Awards hereunder shall not be considered "compensation"
23  in any year for purposes of determining eligibility for, or benefit
24  accrual within, an employee pension benefit plan or employee
25  welfare benefit plan sponsored by Oldenkamp.

26      25. Publicity. From and after the execution of this
27  Agreement, the Named Plaintiff and Plaintiffs' Counsel may: (1) in
28  response to specific questions from Plaintiffs; (2) as required by

STIPULATION AND SETTLEMENT AGREEMENT OF          CASE NO. CIV F-04-6279 AWI LJO
ACTION CLAIMS; EXHIBITS 1-5                34

1  law; or (3) as required under the terms of this Agreement, comment
2  regarding the specific terms of this Agreement.   In all other
3  cases, the Named Plaintiff and Plaintiffs' Counsel agree to limit
4  their statements regarding the terms of this Agreement, whether
5  oral, written or electronic (including the world wide web), to say
6  the Class Actions have been resolved and that Named Plaintiff and
7  Plaintiffs' Counsel are satisfied with the settlement terms.
8  Neither the Named Plaintiff, Plaintiffs nor Plaintiffs' Counsel
9  shall hold any press conference related in any way to the
10 Settlement.   This paragraph only applies to the terms of the
11 Agreement and does not preclude Named Plaintiff and Plaintiffs'
12 Counsel from referring others to the Court file.

13     26.  <u>No Admission By the Parties</u>.  Oldenkamp and the Released
14 Parties deny any and all claims alleged in the Class Actions and
15 deny all wrongdoing whatsoever.  This Agreement is not a concession
16 or admission, and shall not be used against Oldenkamp or any of the
17 Released Parties as an admission or indication with respect to any
18 claim of any fault, concession or omission by Oldenkamp or any of
19 the Released Parties.   Whether or not the Settlement is finally
20 approved, neither the Settlement, the terms sheet entered into at
21 the time that the settlement was reached, nor any document,
22 statement, proceeding or conduct related to this Agreement, the
23 terms sheet entered into at the time of the settlement, nor any
24 reports or accounts thereof, shall in any event be:

25            a.   construed as, offered or admitted in evidence as,
26 received as, or deemed to be evidence for any purpose adverse to
27 the Released Parties, including, but not limited to, evidence of a
28 presumption, concession, indication or admission by any of the

1   Released Parties of any liability, fault, wrongdoing, omission,
2   concession or damage; or

3           b.   disclosed, referred to or offered or received in
4   evidence against any of the Released Parties, in any further
5   proceeding in the Class Actions, or any other civil, criminal or
6   administrative action or proceeding except for purposes of settling
7   this Class Actions pursuant to this Agreement.

8           27.   Exhibits and Headings.   The terms of this Agreement
9   include the terms set forth in any attached Exhibits 1-5, which are
10  incorporated by this reference as though fully set forth herein.
11  Any Exhibits to this Agreement are an integral part of the
12  Settlement.   The descriptive headings of any paragraphs or sections
13  of this Agreement are inserted for convenience of reference only
14  and do not constitute a part of this Agreement.

15          28.   Interim Stay of Proceedings.   The Parties agree to hold
16  all proceedings in the Class Actions, except such proceedings
17  necessary to implement and complete the Settlement, in abeyance
18  pending the Settlement Hearing to be conducted by the District
19  Court.

20          29.   Amendment or Modification.   This Agreement may be amended
21  or modified only by a written instrument signed by counsel for all
22  Parties or their successors-in-interest.

23          30.   Entire Agreement.   This Agreement and any attached
24  Exhibits constitute the entire agreement among these Parties, and
25  no oral or written representations, warranties or inducements have
26  been made to any Party concerning this Agreement or its Exhibits
27  other than the representations, warranties and covenants contained
28  and memorialized in such documents.   Except as expressly set forth

1  herein, Oldenkamp shall not be required as part of the Settlement
2  to modify or eliminate any of its personnel, compensation or
3  payroll practices, or adopt any new personnel, compensation or
4  payroll practices.

5      31.  Authorization to Enter Into Settlement Agreement.
6  Counsel for all Parties warrant and represent they are expressly
7  authorized by the Parties whom they represent to negotiate this
8  Agreement and to take all appropriate action required or permitted
9  to be taken by such Parties pursuant to this Agreement to
10 effectuate its terms, and to execute any other documents required
11 to effectuate the terms of this Agreement.  The Parties and their
12 counsel will cooperate with each other and use their best efforts
13 to effect the implementation of the Settlement.  In the event the
14 Parties are unable to reach agreement on the form or content of any
15 document needed to implement the Settlement, or on any supplemental
16 provisions that may become necessary to effectuate the terms of
17 this Settlement, the Parties may seek the assistance of the
18 District Court to resolve such disagreement.  The persons signing
19 this Agreement on behalf of Oldenkamp represent and warrant that
20 they are authorized to sign this Agreement on behalf of Oldenkamp.

21     32.  Binding on Successors and Assigns.  This Agreement shall
22 be binding upon, and inure to the benefit of, the successors or
23 assigns of the Parties hereto, as previously defined.

24     33.  Counterparts.  This Agreement may be executed in one or
25 more counterparts.  All executed counterparts and each of them
26 shall be deemed to be one and the same instrument provided that
27 counsel for the Parties to this Agreement shall exchange among
28 themselves original signed counterparts.

34. This Settlement is Fair, Adequate and Reasonable. The Parties believe this Settlement is a fair, adequate and reasonable settlement of the Class Actions and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations.

35. Jurisdiction of the Court. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

36. Cooperation and Drafting. Each of the parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties.

37. Invalidity of Any Provision. Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

38. Named Plaintiff's Waiver of Right to be Excluded and Object.

The Named Plaintiff agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated and further agrees not to request to be excluded from the Settlement Class and

1  agrees not to object to any of the terms of this Agreement.  Non-
2  compliance by the Named Plaintiff with this paragraph shall be void
3  and of no force or effect.  Any such request for exclusion or
4  objection shall therefore be void and of no force or effect.  Named
5  Plaintiff also agrees to not disparage the settlement to Plaintiffs
6  or encourage, in any way, Plaintiffs to not submit a Claim Form or
7  to submit a request to be excluded from the Settlement.

8  DATE: May 23, 2006                    /s/Eduardo Aguayo (original
                                         signature retained by attorney
9                                        EDUARDO AGUAYO
                                         NAMED PLAINTIFF
10

11
                                         Harold Oldenkamp (original
12 DATE: May 23, 2006                    /s/ signature retained by attorney)
                                         OLDENKAMP TRUCKING
13                                       By: HAROLD OLDENKAMP

14

15 DATE: May 23, 2006                    LAW OFFICE OF JERRY BUDIN

16

17                                       /s/ Jerry Budin
                                         JERRY BUDIN
18                                       Attorney for Plaintiffs,
                                         EDUARDO AGUAYO, et al.
19

20 DATE: May 23, 2006                    SHEPPARD, MULLIN, RICHTER & HAMPTON

21

22                                       /s/ David B. Chidlaw
                                         DAVID B. CHIDLAW
23                                       AttorneyS for Defendant,
                                         OLDENKAMP TRUCKING
24

25

26

27

28

STIPULATION AND SETTLEMENT AGREEMENT OF                    CASE NO. CIV F-04-6279 AWI LJO
ACTION CLAIMS; EXHIBITS 1-5              39

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

EDUARDO AGUAYO,                              CASE NO. CV F 04-6279 AWI LJO
individually and on behalf of
all others similarly-situated,

                        Plaintiffs,

vs.

OLDENKAMP TRUCKING,

                        Defendant.

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:    All truck drivers who were employed by Oldenkamp Trucking, in California at any time from September 20,
2000 through January 1, 2005 and who hauled milk solely within California.

THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____, 2006
BEFORE THE HONORABLE LAWRENCE J. O'NEILL, MAGISTRATE JUDGE FOR THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED
SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

## I.    INTRODUCTION

On September 20, 2004, Eduardo Aguayo, individually and on behalf of other truck drives, filed a lawsuit
against Oldenkamp Trucking, alleging that he worked for Oldenkamp Trucking as a truck driver and was entitled to
overtime compensation for hours worked in excess of forty (40) per week, but that Oldenkamp Trucking failed to pay
him at overtime rates for those overtime hours worked. Oldenkamp Trucking denies these allegations.

A tentative settlement of these cases has been reached. The settlement will apply to all persons who meet the
following definitions ("Settlement Classes"):

### Settlement Class 1

All persons who are now employed or have been employed by defendant OLDENKAMP TRUCKING in the
State of California, who, on or after January 18, 2003 to January 1, 2005, have worked as an intrastate truck
driver hauling milk solely within the State of California and have worked in excess of forty (40) hours per week
without being paid overtime compensation by OLDENKAMP for those excess hours.

### Settlement Class 2

All persons who are now employed or have been employed by defendant OLDENKAMP TRUCKING in the
State of California, who, on or after September 20, 2000 to January 1, 2003, have worked as an intrastate truck
driver hauling milk solely within the State of California and have worked in excess of forty (40) hours per week
without being paid overtime compensation by OLDENKAMP for those excess hours.

**The Reason You Have Received This Notice**

You are believed to be a member of one the Settlement Classes. If so, your rights will be affected because the parties have tentatively settled the lawsuits. Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement of the case. By preliminary approval of the proposed settlement on _____, the Court has preliminarily determined that the lawsuit could be settled.

You are hereby notified that:

   1.   A settlement of the claims of the Settlement Classes has been proposed by Plaintiff Eduardo Aguayo and his attorney and Defendant Oldenkamp Trucking, and its attorneys;

   2.   The proposed Settlement has been submitted to the Court, and has received preliminary approval;

   3.   If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against Oldenkamp Trucking, for any claim occurring during the period from September 20, 2000 through January 1, 2005 that was raised or could have been raised in the Plaintiff's complaint.

   4.   You and any other persons in the Settlement Class have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts IV-V of this notice.

   5.   A hearing to finally approve the settlement is scheduled for _____, 2006 in Courtroom No. 8, at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721.

At the hearing, any member of the Classes may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part IV of this Notice have been followed. You should read that part carefully. Class members who do not make objections in the manner provided in Part IV of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of these lawsuits and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## II.   NATURE OF THE LAWSUIT

In this case, the Plaintiff has sued Oldenkamp Trucking, for nonpayment of overtime for hours worked in excess of forty in a week. Oldenkamp Trucking has denied and continues to deny all of the allegations made by the Plaintiff.

The Plaintiff and Oldenkamp Trucking, ("the Parties") have tentatively settled these lawsuits. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Class and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of the Settlement Classes established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## III   SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Oldenkamp Trucking has agreed to provide certain relief to persons in the Classes. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VI. The relief granted by the proposed Settlement Agreement is

summarized as follows:

1.  Oldenkamp Trucking, will pay the total sum ("Sum") of one hundred twenty-nine thousand three hundred dollars ($129,300.00) less attorney fees and costs awarded to Class Counsel and any enhancement awarded to the Plaintiff Eduardo Aguayo .

2.  In order to receive payment under this section, each class member must file a timely Claim Form, which is enclosed with this Notice.

3.  Oldenkamp Trucking will pay reasonable attorneys' fees in a maximum amount not to exceed $15,000.00 and actual costs. All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to you as a class member. Class Counsel will apply to the court for approval of his attorneys' fees and costs at the hearing scheduled for _____, 2006.

4.  The Court will also be asked to award an enhancement payment to Eduardo Aguayo in the amount of $5,000.00.

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff Class members as to the amount each individual participating Plaintiff will receive in settlement. Monies paid pursuant to the Settlement are taxable. Oldenkamp Trucking will make all lawful payroll deductions from any payments paid to Class members from the Sum as set forth in the Settlement Agreement.

## IV.   HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A.   So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to the Court at United States District Court for the Eastern District of California, Courtroom No. 8, United States Courthouse, 2500 Tulare Street, Fresno, California, 93721, to Class Counsel, Jerry Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto, CA 95354, and to Geoffrey DeBoskey, Esq., Sheppard, Mullin, Richter & Hampton, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071 (Defendant's Counsel): (i) a written statement advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda. You may appear personally, or through your own counsel, paid for at your own expense.

B.   If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for _____, 2006 before the Honorable Lawrence J. O'NEILL, Magistrate Judge, United States District Court for the Eastern District of California, Courtroom No. 8, United States Courthouse, 2500 Tulare Street, Fresno, California 93721.

## V.   PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the proposed Settlement by taking the following steps.

A.   So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to Class Counsel, Jerry Budin, 1500 J Street, , Modesto, CA 95354 if you wish to be excluded from the Settlement Agreement. The written request must contain your name, address, telephone number, Social Security number and the location and years of your employment by Oldenkamp Trucking

B.   If you do not submit a Request for Exclusion, you will be bound by the Settlement Agreement, if it is approved by the Court.

C.   Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation.

## VI.    CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto, California 95354, telephone (209) 544-3030.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

Exhibit C

# United States District Court, Eastern District of California, Fresno Division

**Eduardo Aguayo v. Oldenkamp Trucking**

**Case No. CV F 04-6279 AWI LJO**

## CLAIM FORM/FLSA CONSENT FORM

### COMPLETE, SIGN AND MAIL TO:

Jerry Budin, Esquire
1500 J Street, Second Floor
Modesto, CA 95354

Must be Postmarked No Later Than: (60 days from mailing)

#### YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM
#### TO SHARE IN THE MONETARY RECOVERY FROM OLDENKAMP TRUCKING,

(1) Please type or print the following identifying information:

Name: _____

Address: _____

City, State, Zip: _____  Social Security Number: _____

Telephone Number (Work): _____  Telephone Number (Home): _____

(2) My best estimate of the time that I was employed by Oldenkamp Trucking, as a truck driver who hauled milk between September 20, 2000 to January 1, 2005, is as follows:

Beginning Date          End Date

_____        _____

(3) By signing below, I understand that I am agreeing to a full and complete release of Oldenkamp Trucking, including its officers, directors and owners, for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to these actions, including but not limited to any and all claims for unpaid wages, worked overtime, and waiting time penalties, under both federal and state law, including the Fair Labor Standards Act, Section 16(b).

By signing below, I also hereby consent to joint this action under 29 U.S.C. Section 216(b) for purposes of the Fair Labor Standards Act.

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or Suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer]."

X _____          _____

*(Sign your name here)*                                                          Date

## CLAIM FORM INSTRUCTIONS

### COMPLETE THE ENCLOSED CLAIM FORM IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST COMPLETE, SIGN AND MAIL THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE (60 days from mailing), ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

### MAIL TO:

**Jerry Budin, Esquire**
**1500 J Street, Second Floor**
**Modesto, CA 95354**