1 | JERRY N. BUDIN, ESQ., CSB NO. 88539
   | LAW OFFICE OF JERRY BUDIN
2 | 1500 J Street
   | Modesto, California 95354
3 | Telephone: (209) 544-3030
   | Facsimile: (209) 544-3144
4 |
   | Attorney for Plaintiffs,
5 | EDUARDO AGUAYO, et al.

6

7 | David B. Chidlaw, Esquire, CSB NO. 144681
   | Geoffrey D. DeBoskey, Esquire, CSB NO. 211557
   | SHEPPARD, MULLIN, RICHTER & HAMPTON
8 | 333 South Hope Street, 48th Floor
   | Los Angeles, California 90071-1448
9 | Telephone: (213) 620-1780
   | Facsimile: (213) 620-1398
10 |
   | Attorneys for Defendant,
11 | OLDENKAMP TRUCKING

12

13 | UNITED STATES DISTRICT COURT

14 | EASTERN DISTRICT OF CALIFORNIA

15 | (Fresno Division)

16

17 | EDUARDO AGUAYO, et al.,    ) CASE NO. CIV F-04-6279 AWI LJO
                               )
18 |           Plaintiffs,  ) FINDINGS AND
                               ) RECOMMENDATIONS ON FINAL
19 |                           ) APPROVAL OF STIPULATION AND
   | vs.                       ) SETTLEMENT AGREEMENT; EXHIBIT A
20 |                           ) AND EXHIBIT B
                               )
21 | OLDENKAMP TRUCKING,       )
                               )
22 |           Defendant.   )
                               )
23 |

24 | Pursuant to the "Order Adopting Findings And Recommendations

25 | Of Preliminary Approval Of Stipulation And Settlement Agreement"

26 | (Doc. 53) filed June 16, 2006, adopting in full the "Findings And

27 | Recommendations On Preliminary Approval Of Stipulation And

28 | Settlement Agreement" (Doc 50), and subsequent Orders continuing

the hearing (Doc. 57 and 58), a Final Approval Hearing was held at 2:00 p.m. on October 11, 2006 in Department 8 of this Court. Plaintiff, individually and on behalf of all others similarly situated (collectively "plaintiffs"), appeared at the hearing by telephone through class counsel, Jerry Budin. Defendant Oldenkamp Trucking appeared at the hearing by telephone by counsel Geoffrey DeBoskey of Sheppard, Mullin, Richter & Hampton. The case was called at the hearing and the Court inquired whether anyone else in the courtroom was present to participate in the hearing. There was no response to this inquiry. The Court then inquired of counsel whether they expected anyone to appear at the hearing. Both counsel responded in the negative.

Having considered the "Joint Notice Of Motion And Motion For Approval Of Settlement And Accompanying Documents; Memorandum Of Points And Authorities" (Doc. 56), Plaintiff's Memorandum Of Points And Authorities and Class Counsel's Declaration In Support Of Final Approval Of Settlement And Award Of Enhancement And Attorney's Fees And Costs," (Docs. 56-2 and 56-3), the Declaration of Class Administrator Desmond, Marcello & Amster (Doc. 56-4) and the papers previously filed herein, the Court issues the following Findings:

1.    No class member or interested individual appeared personally at the time and place for the Final Approval Hearing (September 19, 2006, 8:30 a.m., Courtroom 8) which was contained in the Notice Of Proposed Class Action Settlement And Fairness Hearing.

2.    The Court finds that notice to the class was satisfied and timely mailed as previously ordered by the Court.

3.    The Court finds that the consideration for the

1 | proposed settlement is fair, adequate, and reasonable.

2 |     4.   The Court finds that there were no objections to
3 | the proposed settlement.

4 |     5.   The Court finds that the settlement was not
5 | collusive, and that the parties have engaged in sufficient
6 | discovery to understand the strengths and weaknesses of their own
7 | and their opponent's cases.

8 |     6.   The Court finds that the lawyers representing all
9 | parties were competent and experienced counsel, and that no party
10 | has been subjected to any undue influence in reaching the
11 | settlement.

12 |     7.   The Court finds that the attorney's fees and costs
13 | requested by Class Counsel, Jerry Budin, in the total sum of
14 | $15,321.25 are fair and reasonable, subject to the "Notice Of Lien"
15 | filed herein by Green & Azevedo.

16 |     8.   The Court finds that the formula for disbursement
17 | of the settlement proceeds to the Class and the procedure for
18 | administration of that disbursement as set forth in the Stipulation
19 | Agreement, Exhibit A attached hereto, are fair, adequate and
20 | reasonable and the awards contained in Exhibit B hereto are
21 | approved.

22 |     9.   The Court finds that a payment of $5,000.00 to
23 | Class Representative Eduardo Aguayo for his efforts and services on
24 | the behalf of the Class in this litigation is fair and reasonable.

25 | **CONCLUSION**

26 |     For the reasons stated above, this Court RECOMMENDS that the
27 | District Court DETERMINE that the proposed settlement is fair and
28 | reasonable, and GRANT final approval of the proposed settlement and

[PROPOSED] FINDINGS AND RECOMMENDATIONS ON FINAL        CASE NO. CIV F-04-6279 AWI LJO
APPROVAL OF STIPULATION AND SETTLEMENT AGREEMENT;
EXHIBIT A        3

related documents consistent with these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections To Magistrate Judge's Findings And Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: *October 17, 2006*

_____
LAWRENCE J. O'NEILL
United State Magistrate Judge

# EXHIBIT A

1 | JERRY N. BUDIN, ESQ., CSB NO. 88539
LAW OFFICE OF JERRY BUDIN
2 | 1500 J Street
Modesto, California 95354
3 | Telephone: (209) 544-3030
Facsimile: (209) 544-3144
4 |
Attorney for Plaintiff(s),
5 | EDUARDO AGUAYO, et al.

6 |

David B. Chidlaw, Esquire
7 | Geoffrey D. DeBoskey, Esquire
SHEPPARD, MULLIN, RICHTER & HAMPTON
8 | 333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
9 | Telephone: (213) 620-1780
Facsimile: (213) 620-1398
10 |
Attorneys for Defendant,
11 | OLDENKAMP TRUCKING

12 | UNITED STATES DISTRICT COURT

13 | EASTERN DISTRICT OF CALIFORNIA

14 | (Fresno Division)

15 |

16 | EDUARDO AGUAYO, et al.,        ) CASE NO. CIV F-04-6279 AWI LJO
                                   )
17 |              Plaintiffs,      ) STIPULATION AND SETTLEMENT
                                   ) AGREEMENT OF CLASS ACTION
18 |                               ) CLAIMS; EXHIBITS 1-5
     vs.                           )
19 |                               )
                                   )
20 | OLDENKAMP TRUCKING,           )
                                   )
21 |              Defendant.       )
     _____)
22 |

23 |     This Stipulation and Settlement Agreement of Class Action

24 | Claims ("Settlement," "Stipulation," or "Agreement") is made by

25 | Eduardo Aguayo (the "Named Plaintiff") on behalf of himself and

26 | each of the other "Plaintiffs" as defined herein, on the one hand,

27 | and the defendant, Oldenkamp Trucking ("Oldenkamp"), on the other

28 | hand, in the action pending in the United States District Court for

1  the Eastern District of California ("District Court"), Case No. F
2  04-5979 AWI LJO  ("Class Action" or "Action"), and is subject to
3  the approval of the District Court.

4      The "Class Members" (also referred to as the "Class") consist
5  of all Plaintiffs who do not properly elect to exclude themselves
6  from the terms of this Agreement.  The "Settlement Class Members"
7  consist of all Class Members who submit a Claim Form/FLSA Consent
8  Form that is approved for payment under the terms of this
9  Stipulation.

10  I.   PROCEDURAL HISTORY

11      On September 20, 2004, a Complaint was filed by Eduardo Aguayo
12  seeking overtime wages.   Defendant answered the Complaint on
13  November 1, 2004.

14      On October 3, 2005, Magistrate Judge Laurence J. O'Neill
15  entered Findings And Recommendations that recommended the Court
16  grant plaintiff's motion to certify this matter as a class action.
17  Before the Court could rule on the Findings And Recommendations,
18  the parties reached a settlement.  Accordingly, on March 31, 2006,
19  the Court denied without prejudice plaintiff's motion for class
20  certification. (Doc. 40)

21  II.   DEFINITION OF "PLAINTIFFS" AND CLASS MEMBERS

22      For purposes of this settlement, the parties propose two
23  Settlement Classes as follows:

24          Settlement Class 1

25          All persons who are now employed or have been
26          employed by defendant Oldenkamp in the State
27          of California who, on or after January 18,
28          2003 to January 1, 2005, have worked as an

---

1     intrastate truck driver hauling milk solely
2     within the State of California and have worked
3     in excess of forty (40) hours per week without
4     being paid overtime compensation by Oldenkamp
5     for those excess hours.

6     Settlement Class 2

7     All persons who are now employed or have been
8     employed by defendant Oldenkamp in the State
9     of California who, on or after September 20,
10    2000 to January 18, 2003, have worked as an
11    intrastate truck driver hauling milk solely
12    within the State of California and have worked
13    in excess of forty (40) hours per week without
14    being paid overtime compensation by Oldenkamp
15    for those excess hours.

16    For the purpose of this settlement, the "Settlement Class 1
17    Period" shall be defined as January 18, 2003 to January 1, 2005 and
18    the "Settlement Class 2 Period" shall be defined as September 20,
19    2000 to January 18, 2003.

20    III.  INVESTIGATION IN THE CLASS ACTION

21    The Parties have conducted significant investigation of the
22    facts and law during the prosecution of this Action.    Such
23    investigations have included, *inter alia*, the exchange of
24    information pursuant to discovery and numerous discussions between
25    representatives of the Parties and the U.S. Department of Labor
26    (DOL).    Furthermore, the DOL has conducted an audit of unpaid
27    overtime which is attached hereto as Exhibit 1.    Counsel for the
28    Parties have further investigated the applicable law as applied to

1 | the facts discovered regarding the alleged claims of Plaintiffs and
2 | potential defenses thereto, and the damages claimed by Plaintiffs.
3 | In pertinent part, the investigation has yielded the following:
4 | The gist of the Action is that Oldenkamp has failed to pay the
5 | Plaintiffs overtime as allegedly required by law. Plaintiffs are
6 | demanding various amounts for wages, penalties, interest,
7 | attorneys' fees, and other damages. Oldenkamp contends the
8 | Plaintiffs are exempt from federal and California state overtime
9 | requirements by virtue of one or more exemptions and/or exclusions
10 | recognized under federal and California law.

11 | IV. BENEFITS OF SETTLEMENT TO CLASS MEMBERS

12 | _____Named Plaintiff recognizes the expense and length of continued
13 | proceedings necessary to continue the litigation against Oldenkamp
14 | through trial and through any possible appeals. Named Plaintiff
15 | has also taken into account the uncertainty and risk of the outcome
16 | of further litigation, and the difficulties and delays inherent in
17 | such litigation. Named Plaintiff is also aware of the burdens of
18 | proof necessary to establish liability for the claims asserted in
19 | the Action (the "Claims" or "Class Action Claims"), Oldenkamp's
20 | defenses thereto, and the difficulties in establishing damages for
21 | the Plaintiffs. Named Plaintiff has also taken into account the
22 | extensive settlement negotiations conducted, which negotiations
23 | ended in an agreement that forms the basis for this Stipulation.
24 | Based on the foregoing, Named Plaintiff has determined that the
25 | Settlement set forth in this Agreement is a fair, adequate and
26 | reasonable settlement, and is in the best interests of the
27 | Plaintiffs.

28 | V. Oldenkamp'S REASONS FOR SETTLEMENT

1 | _____Oldenkamp has concluded that any further defense of this
2 | litigation would be protracted and expensive for all Parties.
3 | Substantial amounts of time, energy and resources of Oldenkamp have
4 | been and, unless this Settlement is made, will continue to be
5 | devoted to the defense of the claims asserted by Plaintiffs.
6 | Oldenkamp has, therefore, agreed to settle in the manner and upon
7 | the terms set forth in this Agreement to put to rest the Claims as
8 | set forth in the Class Actions.

9 | VI.   Oldenkamp'S DENIALS OF WRONGDOING

10 | _____Oldenkamp has denied and continues to deny each of the claims
11 | and contentions alleged by Plaintiffs in the Actions.   Oldenkamp
12 | has repeatedly asserted and continues to assert defenses thereto,
13 | and has expressly denied and continues to deny any wrongdoing or
14 | legal liability arising out of any of the facts or conduct alleged
15 | in the Actions.   Oldenkamp also has denied and continues to deny,
16 | *inter alia*, the allegations that the Plaintiffs have suffered
17 | damage; that Oldenkamp misclassified any of the Plaintiffs as
18 | exempt from overtime; that Oldenkamp failed to pay any of the
19 | Plaintiffs for all overtime to which they were entitled; that
20 | Oldenkamp engaged in any unlawful, unfair or fraudulent business
21 | practices; that Oldenkamp engaged in any wrongful conduct as
22 | alleged in the Actions; or that the Plaintiffs were harmed by the
23 | conduct alleged in the Action.   Neither this Agreement nor any
24 | document referred to or contemplated herein, nor any action taken
25 | to carry out this Agreement, is, may be construed as, or may be
26 | used as an admission, concession or indication by or against
27 | Oldenkamp of any fault, wrongdoing or liability whatsoever.

28 | VII. PLAINTIFFS' CLAIMS

1    ____Plaintiff has claimed and continues to claim that the Released
2    Claims (as defined below) have merit and give rise to liability on
3    the part of Oldenkamp.  Neither this Agreement nor any documents
4    referred to herein, or any action taken to carry out this Agreement
5    is, or may be construed as or may be used as an admission by or
6    against the Plaintiff or Class Counsel as to the merits or lack
7    thereof of the claims asserted, except as to the Released Claims of
8    the Class Members.

9        NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the
10   Named Plaintiff on behalf of the Plaintiffs on the one hand, and
11   Oldenkamp on the other hand, and subject to the approval of the
12   District Court, that the Class Actions are hereby being compromised
13   and settled pursuant to the terms and conditions set forth in this
14   Agreement and that upon the Effective Date (as defined below) the
15   Class Actions shall be dismissed with prejudice, subject to the
16   recitals set forth hereinabove which by this reference become an
17   integral part of this Agreement and subject to the following terms
18   and conditions:

19       1.   "Effective Date".  As used in this Settlement, "Effective
20   Date" means the date by which this Settlement is finally approved
21   as provided herein and the District Court's Final Judgment ("Final
22   Judgment" or "Judgment") becomes final.   For purposes of this
23   paragraph, the District Court's Final Judgment "becomes final" upon
24   the latter of: (i) the date of final affirmance on an appeal of the
25   Final Judgment; (ii) the expiration of the time for a petition for
26   a writ of certiorari to review the Final Judgment and, if
27   certiorari be granted, the date of final affirmance of the Final
28   Judgment following review pursuant to that grant; (iii) the date of

1 final dismissal of any appeal from the Final Judgment or the final
2 dismissal of any proceeding on certiorari to review the Final
3 Judgment; or (iv) if no appeal is filed, the expiration date of the
4 time for the filing or noticing of any appeal from the District
5 Court's Final Judgment.

6     2.   Full Investigation. Named Plaintiff has fully investi-
7 gated the factual and legal bases for the causes of action asserted
8 in the Class Actions. Furthermore, the United States Department Of
9 Labor (DOL) has conducted an audit of alleged unpaid overtime for
10 the period from January 18, 2003 to January 1, 2005 (See Exhibit 1
11 hereto).      Oldenkamp has denied that it misclassified the
12 Plaintiffs as exempt from overtime laws or failed to pay Plaintiffs
13 for all overtime due. As a result of their investigation, Named
14 Plaintiff continues to believe that Oldenkamp misclassified at
15 least some of the Plaintiffs and unlawfully failed to pay them
16 overtime between September 20, 2000 to January 1, 2005. Given the
17 disagreement between the Parties as to the viability of the claims
18 raised by the Named Plaintiff in the Class Actions, the Parties
19 believe the Settlement provided for herein is a fair, adequate, and
20 reasonable settlement.

21     3.   Release As To All Class Members. As of the Effective
22 Date, the Class Members, including the Named Plaintiff, release
23 Oldenkamp and each of their past or present owners, officers,
24 directors, shareholders, employees, agents, principals, heirs,
25 representatives, accountants, auditors, consultants, insurers and
26 reinsurers, and its and their respective successors and
27 predecessors in interest, subsidiaries, affiliates, parents and
28 attorneys and each of their company-sponsored employee benefit

1  plans and all of their respective officers, directors, employees,

2  administrators, fiduciaries, trustees and agents (the "Released

3  Parties"), from the "Released Claims." For purposes of this

4  Agreement, the "Released Claims" are defined as:

5          a.   all claims, demands, rights, liabilities, and

6  causes of action of every nature and description whatsoever,

7          b.   known or unknown, asserted or that might have been

8  asserted,

9          c.   Whether in tort, contract, or for violation of any

10  state or federal constitution, statute, rule or regulation,

11  including state wage and hour laws,

12          d.   whether for economic damages, non-economic damages,

13  restitution, penalties or liquidated damages,

14          e.   arising out of, relating to, or in connection with:

15                    Any and all facts, transactions,
                     events, policies, occurrences, acts,
16                    disclosures, statements, omissions
                     or failures to act, which are or
17                    could be the basis of claims that
                     Oldenkamp did not comply with all
18                    state wage and hour laws, including
                     claims: (a) that Oldenkamp did not
19                    pay the Plaintiffs all amounts due
                     for work that was performed by the
20                    Plaintiffs for Oldenkamp; (b);
                     and/or that Oldenkamp owes wages,
21                    penalties, interest, attorneys' fees
                     or other damages of any kind based
22                    on a failure to comply with any
                     state wage and hour laws, at any
23                    times on or before the last day of
                     the Class Period (whether based on
24                    California state wage and hour law,
                     contract, or otherwise); and/or
25                    the causes of action asserted in the
                     Class Actions, including any and all
26                    claims for alleged failure to pay
                     overtime pursuant to state law,
27                    federal law, or contract, and, as
                     related to the foregoing, for
28                    alleged unlawful, unfair and/or
                     fraudulent business practices under

1

California Business and Professions
Code § 17200, et seq.

2

3      The Released Claims include any unknown claims that the
4  Class Members do not know or suspect to exist in their favor at the
5  time of the release, which, if known by them, might have affected
6  their settlement with, and release of, the Released Parties or
7  might have affected their decision not to object to this
8  Settlement.  With respect to the Released Claims, the Class Members
9  stipulate and agree that, upon the Effective Date, the Class
10 Members shall be deemed to have, and by operation of the Final
11 Judgment shall have, expressly waived and relinquished, to the
12 fullest extent permitted by law, the provisions, rights and
13 benefits of Section 1542 of the California Civil Code, or any other
14 similar provision under federal or state law, which Section
15 provides:

16

17                A general release does not extend to
                 claims which the creditor does not
18               know or suspect to exist in his or
                 her favor at the time of executing
19               the release, which if known by him
                 or her must have materially affected
20               his or her settlement with the
                 debtor.

21

22     The Class Members may hereafter discover facts in addition to
23 or different from those they now know or believe to be true with
24 respect to the subject matter of the Released Claims, but upon the
25 Effective Date, shall be deemed to have, and by operation of the
26 Final Judgment shall have, fully, finally, and forever settled and
27 released any and all of the Released Claims, whether known or
28 unknown, suspected or unsuspected, contingent or non-contingent,

1   which now exist, or heretofore have existed, upon any theory of law
2   or equity now existing or coming into existence in the future,
3   including, but not limited to, conduct that is negligent,
4   intentional, with or without malice, or a breach of any duty, law
5   or rule, without regard to the subsequent discovery or existence of
6   such different or additional facts.

8        The Class Members agree not to sue or otherwise make a
9   claim against any of the Released Parties that is in any way
10  related to the Released Claims.

11       4.   Release As to All Settlement Class Members.  As of the
12  Effective Date, all Settlement Class Members, including the Named
13  Plaintiff, in addition to releasing the Released Parties from the
14  Released Claims as outlined in subsection 3, release the Released
15  Parties from the "Released Federal Claims."  For purposes of this
16  Agreement, the "Released Federal Claims" are defined as:

17       a.   all claims, demands, rights, liabilities, and
18  causes of action of every nature and description whatsoever,

19       b.   known or unknown, asserted or that might have been
20  asserted,

21       c.   whether in tort, contract, or for violation of any
22  state or federal constitution, statute, rule or regulation,
23  including federal wage and hour laws,

24       d.   whether for economic damages, non-economic damages,
25  restitution, penalties or liquidated damages,

26       e.   arising out of, relating to, or in connection with:
27       any and all facts, transactions, events,
28       policies, occurrences, acts, disclosures,
         statements, omissions or failures to act,

1

2

3

4

5

6

> which are or could be the basis of claims that
> Oldenkamp did not comply with all federal wage
> and hour laws, including the Fair Labor
> Standards Act, as well as claims: (a) that
> Oldenkamp did not pay the Plaintiffs all
> amounts due for work that was performed by the
> Plaintiffs for Oldenkamp; and/or the causes of
> action asserted in the Class Actions,
> including any and all claims for alleged
> failure to pay overtime.

7   The Released Federal Claims include any unknown claims that

8   the Settlement Class Members do not know or suspect to exist in

9   their favor at the time of the release, which, if known by them,

10  might have affected their settlement with, and release of, the

11  Released Parties or might have affected their decision not to

12  object to this Settlement.   With respect to the Released Federal

13  Claims, the Settlement Class Members stipulate and agree that, upon

14  the Effective Date, the Settlement Class Members shall be deemed to

15  have, and by operation of the Final Judgment shall have, expressly

16  waived and relinquished, to the fullest extent permitted by law,

17  the provisions, rights and benefits of Section 1542 of the

18  California Civil Code, or any other similar provision under federal

19  or state law, which Section provides:

20

21

22

23

24

> A general release does not extend to
> claims which the creditor does not
> know or suspect to exist in his or
> her favor at the time of executing
> the release, which if known by him
> or her must have materially affected
> his or her settlement with the
> debtor.

25

26

27

28

The Settlement Class Members may hereafter discover facts

in addition to or different from those they now know or believe to

be true with respect to the subject matter of the Released Federal

Claims, but upon the Effective Date, shall be deemed to have, and

by operation of the Final Judgment shall have, fully, finally, and

1  forever settled and released any and all of the Released Federal
2  Claims, whether known or unknown, suspected or unsuspected,
3  contingent or non-contingent, which now exist, or heretofore have
4  existed, upon any theory of law or equity now existing or coming
5  into existence in the future, including, but not limited to,
6  conduct that is negligent, intentional, with or without malice, or
7  a breach of any duty, law or rule, without regard to the subsequent
8  discovery or existence of such different or additional facts.

9      The Settlement Class Members agree not to sue or
10  otherwise make a claim against any of the Released Parties that is
11  in any way related to the Released Federal Claims.

12      5.   General Release By Named Plaintiffs Only.  In addition to
13  the releases made in Paragraphs 3 and 4 hereof, the Named
14  Plaintiff, as of the Effective Date, makes the additional following
15  general release of all claims, known or unknown.

16      a.   The Named Plaintiff releases the Released Parties
17  from all claims, demands, rights, liabilities and causes of action
18  of every nature and description whatsoever, known or unknown,
19  asserted or that might have been asserted, whether in tort,
20  contract, or for violation of any state or federal statute, rule or
21  regulation arising out of, relating to, or in connection with any
22  act or omission by or on the part of any of the Released Parties
23  committed or omitted prior to the execution hereof.  (The release
24  set forth in this Paragraph 5 shall be referred to hereinafter as
25  the "General Release").

26      b.   The General Release includes any unknown claims the
27  Named Plaintiff does not know or suspect to exist in his favor at
28  the time of the General Release, which, if known by him, might have

1 affected his settlement with, and release of, the Released Parties
2 by the Named Plaintiff or might have affected his decision not to
3 object to this Settlement or the General Release.

4         c.    With respect to the General Release, the Named
5 Plaintiff stipulates and agrees that, upon the Effective Date, the
6 Named Plaintiff shall be deemed to have, and by operation of the
7 Final Judgment shall have, expressly waived and relinquished, to
8 the fullest extent permitted by law, the provisions, rights and
9 benefits of Section 1542 of the California Civil Code, or any other
10 similar provision under federal or state law, which provides:

11             A general release does not extend to
            claims which the creditor does not know
12             or suspect to exist in his or her favor
            at the time of executing the release,
13             which if known by him or her must have
            materially affected his or her settlement
14             with the debtor.

15
16         d.    The Named Plaintiff may hereafter discover facts in
addition to or different from those he now knows or believes to be
17 true with respect to the subject matter of the General Release, but
18 the Named Plaintiff upon the Effective Date, shall be deemed to
19 have, and by operation of the Final Judgment shall have, fully,
20 finally, and forever settled and released any and all of the claims
21 released pursuant to the General Release whether known or unknown,
22 suspected or unsuspected, contingent or non-contingent, which now
23 exist, or heretofore have existed upon any theory of law or equity
24 now existing or coming into existence in the future, including, but
25 not limited to, conduct that is negligent, intentional, with or
26 without malice, or a breach of any duty, law or rule, without
27 regard to the subsequent discovery or existence of such different
28 or additional facts.

1     6.   <u>Settlement Fund</u>.  The term "Settlement Fund" shall refer
2  to the funds that Oldenkamp will distribute to Settlement Class
3  Members and Plaintiffs' counsel in accordance with Paragraph 8
4  below.   The Settlement Fund shall total $129,300.00 (One Hundred
5  Twenty-Nine Thousand Three Hundred Dollars and No Cents).  It does
6  not include the employer's share of applicable payroll taxes or
7  costs of administration.

8     7.   <u>Allocation of Settlement Fund</u>.  The Settlement Fund shall
9  be allocated among these elements:  (a) the total payments to the
10  Settlement Class Members of the Gross Settlement Amounts less
11  deductions as explained in paragraph 8 below (the potential total
12  Gross Settlement Amounts shall collectively be referred to as the
13  "Payout Fund");  (b) the Fees Award (as hereinafter defined) to
14  Class Counsel; (c) the Costs Award (as hereinafter defined); and
15  (d) the Incentive Award to the Named Plaintiff (as hereinafter
16  defined).

17    There shall be no reversion of any portion of the Settlement
18  Fund to Defendant Oldenkamp.  Any Settlement Class 1 Awards which
19  are not negotiated within ninety (90) days of issuance shall revert
20  to the U.S. DOL (See letter from DOL attached as Exhibit 2).  Any
21  Settlement Class 2 Awards which are not negotiated within ninety
22  (90) days of issuance shall be distributed on a pro rata basis to
23  the remaining Settlement Class 2 members who have negotiated their
24  Awards.

25     8.   <u>Plan of Allocation for Payment to Settlement Class Members</u>.
26

27    Within fifteen (15) days after the Effective Date, and solely
28  for purposes of this Settlement, Oldenkamp shall pay the Settlement

1  Awards (as hereinafter defined) to the Settlement Class Members in
2  accordance with the following eligibility and settlement formula
3  requirements:

4           a.    Excluded from becoming Settlement Class Members are
5  those Plaintiffs who submit valid and timely requests for exclusion
6  pursuant to the terms and procedures of the Notice Of Proposed
7  Class Action Settlement And Fairness hearing (attached as Exhibit 3
8  hereto).

9           b.    All Class Members will be eligible to submit a
10 claim for a "Settlement Award" (as defined below).   If a Class
11 Member submits a timely and properly completed Claim Form/FLSA
12 Consent Form ("Claim Form") (attached as Exhibit 4 hereto) then the
13 Class Member will be a "Settlement Class Member."

14          c. Oldenkamp will pay Settlement Awards to all Settlement
15 Class Members.   The Gross Settlement amounts payable to Settlement
16 Class 1 members shall be in accordance with the DOL Audit (See
17 Exhibit 1) plus the unpaid overtime hours owed to Plaintiff Eduardo
18 Aguayo.

19          The Gross Settlement Amounts payable to the Settlement
20 Class 2 Members will be paid from the remaining Payout Funds (i.e.
21 those funds remaining after payment of attorney fees and costs, the
22 incentive award to the named plaintiff and the Awards to Settlement
23 Class 1 members)  and will be calculated by first determining the
24 number of overtime hours worked by each Settlement Class 2 Member
25 between September 20, 2000 and January 18, 2003.   The total number
26 of overtime hours worked by the Settlement Class 2 Members will be
27 added together ("Total Overtime Hours.")   The number of overtime
28 hours worked by each Settlement Class 2 Member will be divided by

1 the Total Overtime Hours Worked, resulting in a payout ratio for
2 each Settlement Class 2 Member ("Payout Ratio").   The Gross
3 Settlement Amount to each Settlement Class 2 Member will be
4 determined by multiplying an individual's Payout Ratio by the
5 remaining Payout Fund ("Gross Settlement Amount").   The records of
6 Oldenkamp showing the number of overtime hours worked by each
7 Plaintiff will be dispositive.

8           d.    From each Settlement Class Member's Gross Settle-
9 ment Amount, payroll deductions will be made for state and federal
10 withholding taxes and any other applicable payroll deductions owed
11 by the Settlement Class Member as a result of the payment,
12 resulting in a "Net Settlement Amount."  The Net Settlement Amount
13 that will be paid to each Settlement Class Member is the Settlement
14 Class Member's "Settlement Award."   Oldenkamp shall pay the
15 employer's share of any applicable payroll taxes.

16           d.    CIRCULAR 230 DISCLAIMER.  EACH PARTY TO THIS
17 AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY";
18 AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING
19 PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO
20 PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR
21 DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND
22 OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH
23 COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED
24 UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY
25 DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED);  (2) THE
26 ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS
27 OWN, INDEPENDENT LEGAL AND TAX ADVISERS FOR ADVICE (INCLUDING TAX
28 ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO

1 THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR
2 ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED
3 TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR
4 ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE
5 IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER
6 TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE
7 CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES
8 (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON
9 DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX
10 STRUCTURE   OF   ANY   TRANSACTION,   INCLUDING   ANY   TRANSACTION
11 CONTEMPLATED BY THIS AGREEMENT.

12    9.   Prospective Employment Practices. As noted above,
13 Oldenkamp believed and believes that all of its drivers were
14 properly classified as exempt from overtime pursuant to state and
15 federal law.  However, the Parties desire to eliminate future
16 disputes as to these issues and consequently the Parties have
17 agreed as follows:

18        a.   As of January 1, 2005, Oldenkamp has and will
19 continue to classify all intrastate milk drivers as not exempt for
20 purposes of FLSA overtime wages.

21        b.   Except as set forth in the preceding paragraph in
22 this Section 9, Oldenkamp is not obligated by virtue of this
23 Settlement Agreement to make any particular changes from Exempt to
24 non-Exempt status.

25        c.   To the extent Oldenkamp makes any changes from
26 Exempt to non-Exempt status, Oldenkamp may later change the
27 employees to Exempt status based on any relevant changes or
28

STIPULATION AND SETTLEMENT AGREEMENT OF          17          CASE NO. CIV F-04-6279 AWI LJO
ACTION CLAIMS; EXHIBITS 1-5

1  clarifications to California state law, Federal law, or
2  administrative interpretation.

3      10.  <u>Fees Award and Incentive Award.</u>

4          a.  Jerry Budin of the Law Offices of Jerry Budin
5  ("Plaintiffs' Counsel" or "Class Counsel") shall seek an award of
6  attorneys' fees ("Fees Award") of $15,000.00 (Fifteen Thousand
7  Dollars and No Cents), constituting twelve percent (12%) of the
8  value of the Settlement Fund.  Class Counsel shall also seek an
9  award for actual costs incurred in the pursuit of this action
10 ("Costs Award").  Plaintiffs' Counsel shall not be permitted to
11 petition the Court for, or accept, any additional payments for
12 fees, costs or interest and the Fees Award shall be for all claims
13 for attorneys' fees and costs past, present and future incurred in
14 the Actions.  Oldenkamp will not oppose the request for fees and
15 costs.

16         b.  The Fees Award and Costs Award shall be paid by
17 Oldenkamp from the Settlement Fund to the Plaintiffs' counsel
18 within one-hundred eighty (180) calendar days after the Effective
19 Date.

20         c.  Oldenkamp's payment of the Fees Award and Costs
21 Award to the Plaintiffs' counsel shall constitute full satisfaction
22 of the obligation to pay any amounts to any person, attorney or law
23 firm for attorneys' fees, expenses or costs in the Action incurred
24 by any attorney on behalf of Named Plaintiffs and the Class
25 Members, and shall relieve Oldenkamp, the Claims Administrator, the
26 Settlement Fund, and Oldenkamp's Counsel of any other claims or
27 liability to any other attorney or law firm for any attorneys'

28

1  fees, expenses and/or costs to which any of them may claim to be
2  entitled on behalf of Named Plaintiff and the Class Members.

3          d.    Class Counsel will apply for an incentive award to
4  the Named Plaintiff, Eduardo Aguayo, in an amount not to exceed
5  $5,000 (Five Thousand Dollars) ("Incentive Award") to be paid by
6  the Plaintiffs to the Named Plaintiff for his time and effort spent
7  pursuing the Action.  The Incentive Award shall be paid out of and
8  deducted from the Settlement Fund, and for administrative purposes
9  shall be paid in the form of a check from Oldenkamp.  Oldenkamp and
10 the Plaintiffs agree not to oppose such an application, so long as
11 it is consistent with the provisions of this Agreement.    Any
12 Incentive Award shall be sent to Class Counsel within fifteen (15)
13 days of the Effective Date.

14      The Named Plaintiff shall also receive a Settlement Award from
15 Oldenkamp pursuant to Section VII(8)(c) above in addition to this
16 Incentive Award from the Plaintiffs.    The Named Plaintiff's
17 Incentive Award will not be treated as wages for withholding
18 purposes.  The Named Plaintiff will receive a 1099 form related to
19 the Incentive Award.    If at some future date it should be claimed
20 or determined that any tax withholding should have been made by
21 Oldenkamp or tax payment made by Named Plaintiff resulting from or
22 relating to the settlement of this case, Named Plaintiff agrees to
23 be solely liable for and pay all taxes, penalties, and assessments.
24 Named Plaintiff also agree to indemnify and hold Oldenkamp harmless
25 from any costs, penalties, and assessments to which Oldenkamp may
26 be subject to by reason of its payment in settlement of this case.
27          e.    If Oldenkamp fails to pay any amounts due under this
28 Agreement within the times allowed, then Oldenkamp will be

1    obligated to pay 6% per annum interest on the past due amounts,
2    running from the due date(s) for the past due amounts.

3        11.   Responsibilities of Oldenkamp.  Oldenkamp shall:

4              a.   Pay the Claims Administrator for costs and expenses
5    of administering this Settlement after the Claims Administrator has
6    submitted bills to Oldenkamp and those bills have been approved by
7    Oldenkamp;

8            b.   Pay the Incentive Award to the Named Plaintiff
9    within 15 calendar days after the Effective Date;

10             c.   Pay the Fees Award and Costs Award within 180
11   calendar days after the Effective Date;

12           d. Provide, after the execution of this Stipulation, the
13   Claims Administrator and Class Counsel with "Database Reports"
14   showing each Plaintiff's name, address, employee or social security
15   number and payroll history between September 20, 2000 and January
16   18, 2003;

17           e.   Pay the Settlement Awards to the Settlement Class
18   Members in accordance with the terms of this Agreement;

19       12.   Operation of the Settlement Fund.

20             a.   At no time shall Oldenkamp have the obligation to
21   segregate the funds comprising the Settlement Fund from its other
22   assets and will retain exclusive authority over, and responsibility
23   for, those funds.

24           b.   Either Oldenkamp or the Claims Administrator, as
25   determined by Oldenkamp, will calculate the net amounts to be paid
26   to the Settlement Class Members from the Payout Fund in accordance
27   with the terms and provisions of this Agreement.

28           c.   Either Oldenkamp or the Claims Administrator, as

1  determined by Oldenkamp, shall have the authority and obligation to

2  make payments, credits and disbursements, including payments and

3  credits in the manner set forth herein, to Settlement Class Members

4  from the Payout Fund calculated in accordance with the methodology

5  set out in this Agreement and orders of the Court.

6          d.   Either Oldenkamp or the Claims Administrator, as

7  determined  by  Oldenkamp,  shall  make  all  proper  payments,

8  disbursements and credits from the Settlement Fund.

9          e.   The Parties do not believe there are any tax return

10  filing requirements pursuant to this Agreement.  However, to the

11  extent  any  tax  returns  must  be  filed,  either  Oldenkamp  or  the

12  Claims Administrator, as determined by Oldenkamp, shall also cause

13  to be timely and properly filed all informational and other tax

14  returns, if any, necessary with respect to the Settlement Fund.

15  Such returns shall be consistent with this paragraph.  The parties

16  do  not  believe  that  the  operation  of  the  Settlement  Fund  will

17  generate any taxable income, as no segregated Settlement Fund will

18  be created.  However, if any taxable income is generated by the

19  Settlement Fund, in all events the tax returns filed shall reflect

20  that all taxes payable on the taxable income of the Settlement

21  Fund, if any, shall be paid by Oldenkamp.  Any expenses consisting

22  of the expenses and costs incurred in connection with the operation

23  and  implementation  of  this  paragraph  (including,  without

24  limitation, reasonable expenses of tax attorneys, accountants or

25  other  designees  retained  by  Oldenkamp  and/or  the  Claims

26  Administrator as required for the preparation and filing of tax

27  returns  described  in  this  paragraph)  shall  be  treated  as,  and

28

1  considered to be, a cost of administration of the Settlement and
2  paid by Oldenkamp.

3        f.    No person or entity, including Oldenkamp,
4  Oldenkamp's  Counsel,  the  Named  Plaintiff,  Plaintiffs,  Class
5  Members, Plaintiffs' Counsel or the Claims Administrator shall have
6  any  claim  against  Oldenkamp,  Oldenkamp's  Counsel,  the  Named
7  Plaintiff, Plaintiffs, Class Members, Plaintiffs' Counsel or the
8  Claims Administrator based on distributions and payments made in
9  accordance with this Agreement.

10        g.    The maximum amount Oldenkamp can be required to pay
11  under  this  Settlement  for  any  purpose  is  the  amount  of  the
12  Settlement Fund and the cost of the Claims Administrator, plus its
13  share of any applicable payroll taxes.

14     13.  <u>No Injunctive Relief</u>.  As part of this Settlement,
15  Oldenkamp shall not be required to enter into any consent decree,
16  nor  shall  Oldenkamp  be  required  to  agree  to  any  provision  for
17  injunctive relief.

18     14.  <u>Notice/Approval   of   Settlement   and   Settlement
       Implementation.</u>
19

20  As part of this Settlement, the Parties agree to the following
21  procedures for obtaining preliminary District Court approval of the
22  Settlement, certifying a Settlement Class, notifying Class Members,
23  obtaining  final  District  Court  approval  of  the  Settlement  and
24  processing the settlement payments:

25        a.    <u>Preliminary Settlement Hearing</u>.  Plaintiff shall
26  request a hearing before the District Court to request preliminary
27  approval of the Settlement and to request the entry of the order
28  for certification of the Settlement Class ("Preliminary Approval

1   Order" or "Order") (attached as Exhibit 5 hereto).  In conjunction

2   with this hearing, Plaintiff will submit this Agreement, which sets

3   forth the terms of this Settlement, and will include proposed forms

4   of all notices and other documents as attached hereto necessary to

5   implement the Settlement.

6               b.    Certification of Settlement Classes.

7   Simultaneous with the filing of the Stipulation of Settlement and

8   solely for purposes of this Settlement, Plaintiff will request the

9   District   Court   to   enter   the   Preliminary   Approval   Order

10  substantially  in  the  form  of  Exhibit  5  hereto,  preliminarily

11  approving the proposed Settlement, forming the Settlement Classes

12  and  setting  a  date  for  a  Fairness  Hearing  to  determine  final

13  approval of the Settlement.  The Order shall provide for notice of

14  the Settlement and related matters to be sent to Class Members as

15  specified herein.

16            c.    Notice to Class Members.  Notice of the Settlement

17  shall be provided to Class Members, and Class Members shall submit

18  objections to the Settlement and/or requests for exclusion from the

19  Classes, using the following procedures:

20       (1)   Claims  Administrator.    Gilardi  &  Co.  (hereinafter

21            "Gilardi"),  or  such  other  entity  upon  whom  the  Parties

22            mutually  agree,  shall  be  retained  to  serve  as  Claims

23            Administrator.   Subject to Oldenkamp's exercise of its

24            discretion  to  do  these  tasks  itself  as  set  forth  in

25            Paragraphs 11 and 12, the Claims Administrator shall be

26            responsible  for  preparing,  printing  and  mailing  the

27            Notice (attached as Exhibit 3 hereto) and the Claim Form

28            (attached as Exhibit 4 hereto) as directed by the Court

1      to the Class Members, receiving and reviewing the Claim

2      Forms submitted by Class Members to determine eligibility

3      for payment as a Settlement Class Member and the amount

4      of any such payment, along with the amount of all payroll

5      tax deductions to be withheld, keeping track of opt outs,

6      drafting and mailing Settlement Award checks to

7      Settlement Class Members, and for such other tasks as the

8      Parties mutually agree or the District Court orders the

9      Claims Administrator to perform.  The Parties each

10      represent they do not have any financial interest in

11      Gilardi or otherwise have a relationship with Gilardi

12      that could create a conflict of interest.  Oldenkamp

13      shall be responsible for paying all agreed Claims

14      Administrator's Administration Fees upon presentation of

15      invoices by the Claims Administrator. Oldenkamp shall

16      also be responsible for paying over to the Claims

17      Administrator at such times as requested by the Claims

18      Administrator those amounts necessary to enable the

19      Claims Administrator to pay Settlement Class Members, if

20      those payments are made by the Claims Administrator

21      rather than Oldenkamp.

22   (2)    Notice By First-Class Mail.  Within 30 days after entry

23      of the Preliminary Approval Order as provided herein, the

24      Claims Administrator shall send a copy of a Notice Of

25      Proposed Class Action Settlement And Fairness Hearing

26      ("Notice") (attached as Exhibit 3 hereto ), together with

27      a Claim Form (attached as Exhibit 4 hereto), to all Class

28      Members via First Class regular U.S. mail, using the most

| | |
|---|---|
| 1 | current mailing address information for Class Members as |
| 2 | provided by Oldenkamp to the Claims Administrator from |
| 3 | Oldenkamp's payroll records. Any Notices returned to the |
| 4 | Claims Administrator as non-delivered before the |
| 5 | Objection/Exclusion Deadline Date specified below, shall |
| 6 | be sent to the forwarding address affixed thereto. If no |
| 7 | forwarding address is provided, then Oldenkamp (or the |
| 8 | Claims Administrator) shall promptly attempt to determine |
| 9 | a correct address using a single computer or other search |
| 10 | using the social security number of the individual |
| 11 | involved. In the event the procedures in this paragraph |
| 12 | are followed and the intended recipient of a Notice still |
| 13 | does not receive the Notice, the intended recipient shall |
| 14 | remain a Class Member and will be bound by all terms of |
| 15 | the Settlement and any Final Judgment entered by the |
| 16 | District Court if the Settlement is approved by the |
| 17 | District Court. In the event the procedures in this |
| 18 | paragraph are followed and a Class Member does not |
| 19 | ultimately return a Claim Form/FLSA Consent Form, the |
| 20 | Class Member shall remain a Class Member and will be |
| 21 | bound by all terms of the Settlement and any Final |
| 22 | Judgment entered by the District Court if the Settlement |
| 23 | is approved by the District Court, so long as the Class |
| 24 | Member does not properly and timely indicate that he or |
| 25 | she wishes to be excluded from the Class. At the |
| 26 | direction of Oldenkamp, the Claims Administrator shall |
| 27 | send additional Notices and correspondence to any Class |
| 28 | Member that did not respond to the initial Notice. |

15. Procedure for Objecting to or Requesting Exclusion From Class Action Settlement.

a. Procedure for Objecting. The Notice shall provide that Class Members/Settlement Class Members who wish to object to the Settlement must file with the District Court and serve on counsel for the Parties a written statement objecting to the Settlement. Such written statement must be filed with the District Court and served on counsel for the Parties no later than thirty (30) days after the date the Notice is first mailed (the "Objection/Exclusion Deadline Date"). No Class Members/Settlement Class Members shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Members/Settlement Class Members shall be received or considered by the District Court at the Fairness Hearing, unless written notice of the Class Members'/Settlement Class Members' intention to appear at the Fairness Hearing, and copies of any written objections or briefs, shall have been filed with the District Court and served on counsel for the Parties on or before the Objection/Exclusion Deadline Date. Class Members/Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

b. Procedure for Requesting Exclusion. The Notice shall provide that Class Members who wish to exclude themselves from the Settlement Classes must submit a written statement requesting exclusion from the Settlement Classes on or before the Objection/Exclusion Deadline Date. Such written request for

STIPULATION AND SETTLEMENT AGREEMENT OF                                    CASE NO. CIV F-04-6279 AWI LJO
ACTION CLAIMS; EXHIBITS 1-5                          26

1 exclusion must contain the name, address, telephone number and
2 Social Security number of the person requesting exclusion and the
3 location and years of his or her employment by Oldenkamp, must be
4 returned by mail to the Claims Administrator at a specified address
5 and must be postmarked on or before the Objection/Exclusion
6 Deadline Date.   The date of the postmark on the return mailing
7 envelope shall be the exclusive means used to determine whether a
8 request for exclusion has been timely submitted.

9      Any Plaintiff who opts out of the Settlement Classes will not
10 be entitled to any recovery under the Settlement and will not be
11 bound by the Settlement or have any right to object, appeal or
12 comment thereon.   Class Members who fail to submit a valid and
13 timely request for exclusion on or before the Objection/Exclusion
14 Deadline Date shall be bound by all terms of the Settlement and any
15 Final Judgment entered in this Class Action if the Settlement is
16 approved by the District Court, regardless of whether they have
17 requested exclusion from the Settlement.

18      Class Members who fail to submit a Claim Form/FLSA Consent
19 Form that is approved for payment under the terms of this
20 Stipulation, and as such are not Settlement Class Members, will
21 remain a Class Member and shall be bound by all terms of the
22 Settlement and any Final Judgment entered in the Class Actions,
23 even though he or she will receive no Settlement Award, so long as
24 he or she does not timely and properly request to be excluded from
25 the Settlement.

26      No later than five court days before the Fairness Hearing, the
27 Claims Administrator shall provide Oldenkamp's Counsel and
28 Plaintiffs' Counsel with a complete list of all Class Members who

1  | have timely requested exclusion from the Settlement Classes, along
2  | with the number and gross settlement amount of valid Claim Forms
3  | received.

4  | ///

5  | 16.  <u>No Solicitation of Settlement Objections or Exclusions</u>.
6  | The Parties agree to use their best efforts to carry out the terms
7  | of this Settlement.  At no time shall any of the Parties or their
8  | counsel seek to solicit or otherwise encourage Settlement Class
9  | Members to submit written objections to the Settlement or requests
10 | for exclusion from the Settlement Class, or appeal from the
11 | District Court's Final Judgment.

12 | 17.  <u>Option to Terminate Settlement</u>.  If, after the
13 | objection/Exclusion Deadline Date and before the Fairness Hearing
14 | referenced in paragraph 18 below, persons who otherwise would be
15 | members of the Settlement Class have filed timely requests for
16 | exclusion from the Settlement Class in accordance with
17 | paragraph 15(b) above, and the collective overtime hours worked by
18 | such persons constitute more than 5 % of the total number of
19 | overtime hours worked by Plaintiffs, Oldenkamp shall have, in its
20 | sole discretion, the option to terminate this Settlement.
21 | Additionally, Oldenkamp shall have the right to terminate this
22 | Settlement if more than 20% of the Plaintiffs fail to submit a
23 | Claim Form/FLSA Consent Form that is approved for payment under the
24 | terms of this Stipulation.

25 | _____In addition, Oldenkamp shall have the right to terminate this
26 | settlement if the United States Department of Labor fails to
27 | certify in a manner and form acceptable to Oldenkamp that all
28 | claims that it may bring on its own behalf or on behalf of current

1   or former employees of Oldenkamp have been extinguished and
2   satisfied and that it does not intend to pursue any claims against
3   Oldenkamp.

4       18.   Final Settlement Approval Hearing and Entry of Final
                Judgment.
5

6   Upon expiration of the Objection/Exclusion Deadline Date, with the
7   District Court's permission, a Fairness Hearing shall be conducted
8   to determine final approval of the Settlement along with the amount
9   properly payable for (i) attorneys' fees and costs, (ii) the
10   Incentive Award, and (iii) cost of administration. Upon final
11   approval of the Settlement by the District Court at or after the
12   Fairness Hearing, the Parties shall present a Final Judgment
13   ("Final Judgment") to the District Court for its approval. After
14   entry of the Final Judgment, the District Court shall have
15   continuing jurisdiction solely for purposes of addressing:
16   (i) settlement administration matters and (ii) such post-Final
17   Judgment matters as may be appropriate under court rules or as set
18   forth in this Agreement.

19       19.   Procedure for Payment of Settlement Awards.

20   Except for Plaintiffs who submit valid and timely requests for
21   exclusion as provided herein, all Settlement Class Members who have
22   submitted a valid and timely Claim Form will receive a Settlement
23   Award from Oldenkamp, distributed by Oldenkamp or through the
24   Claims Administrator. A Plaintiff who submits a valid and timely
25   request for exclusion will not receive a Settlement Award, even if
26   they submit a Claim Form.

27       The Claim Form shall include instructions on how to submit the
28   form, and shall notify Class Members that the Claim Form must be

1  completed, signed and returned by mail no later than sixty (60)
2  days after the date the Claim Form was mailed (the "Claim
3  Deadline") for a Class Member to be eligible to receive any
4  Settlement Award, unless Oldenkamp agrees to accept the late claim.
5  The date of the postmark on the return envelope shall be the
6  exclusive means used to determine whether a Class Member has
7  "timely" returned his/her Claim Form on or before the Claim
8  Deadline.  Claim Forms received by the Claims Administrator that
9  have been postmarked after the Claim Deadline shall be disregarded.
10  ///

11  ///

12      For purposes of this Agreement, a Claim Form shall be deemed
13  "valid" only if:  (1) the Class Member has provided on the Claim
14  Form his or her name, social security number and telephone number;
15  (2) the Class Member has dated and signed the Claim Form; and
16  (3) the name and social security number provided by the Class
17  Member on the Claim Form match Oldenkamp's records as provided to
18  the Claims Administrator.

19      If a Class Member's Claim Form is defective as to any of these
20  three requirements, the Class Member shall be given an opportunity
21  to cure the defect(s).  Any such Claim Form shall be returned to
22  the Class Member, who will be informed of the defect(s).  The Class
23  Member will be given twenty (20) days from the date the Claim Form
24  was mailed back to the Class Member within which to cure the
25  defect(s) and return the Claim Form to the Claims Administrator.
26  The Class Member shall be given the full twenty days to cure the
27  defect even if a portion of that amount of time exceeds the sixty
28  day period.  If the revised Claim Form is not postmarked within

1 │ that twenty-day period, it shall be deemed untimely and the claim
2 │ will be rejected.

3 │     The name and social security number provided by the Class
4 │ Member will be deemed to match Oldenkamp's records only if:
5 │ (1) both the first name and the last name and the Social Security
6 │ number provided by the Class Member match Oldenkamp's records;
7 │ (2) the first name and the social security number provided by the
8 │ Class Member match Oldenkamp's records and it appears the last name
9 │ has been changed as a result of a change in marital status; (3) the
10 │ social security number and last name matches Oldenkamp's records
11 │ and the first name provided is either a nickname or a shortened or
12 │ lengthened version of the name that appears in Oldenkamp's records.

13 │     Although Class Members who do not submit a valid and timely
14 │ Claim Form shall not receive a Settlement Award, such persons shall
15 │ nonetheless be members of the Settlement Classes and will be bound
16 │ by all terms of the Settlement and any Final Judgment entered in
17 │ the Class Actions if the Settlement is approved by the District
18 │ Court.

19 │     After the conclusion of the defect cure period, the Claims
20 │ Administrator will send a Notice of Denied Claim form to any Class
21 │ Member who had submitted a Claim Form that was not timely and/or
22 │ not valid, stating the reason the claim was denied.

23 │     Settlement Awards for Settlement Class Members shall be paid
24 │ pursuant to the settlement formula set forth herein within fifteen
25 │ (15) days after the Effective Date.   Oldenkamp's and the Claims
26 │ Administrator's determination of eligibility for, and the amounts
27 │ of, any Settlement Awards under the terms of this Agreement, shall
28 │ be conclusive, final and binding on all Parties, including all

1  Settlement Class Members, subject to review by Plaintiffs' Counsel
2  and the Court, if necessary.

3       Any checks paid to Settlement Class Members shall remain valid
4  and negotiable for ninety (90) days from the date of their issuance
5  and may thereafter automatically be canceled if not cashed by a
6  Settlement Class Member within that time, at which time the
7  Settlement Class Member's claim will be deemed void and of no
8  further force and effect.

9       Any funds remaining as a result of a cancelled check, whether
10 the funds are in the possession of Oldenkamp or in any bank account
11 created by the Claims Administrator, shall be distributed as
12 follows:

13          a. The unpaid Settlement Awards to Settlement Class 1
14 Members shall be paid over to the U.S. DOL (see Exhibit 2 hereto);

15          b. The unpaid Settlement Awards to Settlement Class 2
16 members shall be paid on a pro rata basis to the other Settlement
17 Class 2 Members who negotiated their checks.

18       Administration of the Settlement shall be completed on or
19 before the date one hundred twenty (120) days after the Effective
20 Date. Upon completion of administration of the Settlement, either
21 Oldenkamp or the Claims Administrator shall provide written
22 certification of such completion to the District Court and
23 Plaintiffs' Counsel.

24       20. Claims Administration Costs. All of Oldenkamp's own
25 legal fees, costs and expenses incurred in this Action shall be
26 borne by Oldenkamp. Oldenkamp shall also pay for the cost of any
27 Claims Administrator. The Parties agree to cooperate in the
28 Settlement administration process and to make all reasonable

1  efforts to control and minimize the costs and expenses incurred in
2  administration of the Settlement.

3       21.  <u>Nullification of Settlement Agreement</u>.   In the event:
4  (i) the District Court does not enter the Order specified herein;
5  (ii) the District Court does not finally approve the Settlement as
6  provided herein; (iii) the District Court does not enter a Final
7  Judgment as provided herein which becomes final as a result of the
8  occurrence of the Effective Date; or (iv) the Settlement does not
9  become final for any other reason, this Settlement Agreement shall
10 be null and void and any order or judgment entered by the Court in
11 furtherance of this Settlement shall be treated as void *ab initio*.
12 In such a case, the Parties and any funds to be awarded under this
13 Settlement shall be returned to their respective statuses as of the
14 date and time immediately prior to the execution of this Agreement,
15 and the Parties shall proceed in all respects as if this Settlement
16 Agreement had not been executed, except that any fees already
17 incurred by the Claims Administrator shall be paid for by Oldenkamp
18 and shall not be repaid to Oldenkamp.   In the event an appeal is
19 filed from the District Court's Final Judgment, or any other
20 appellate review is sought prior to the Effective Date,
21 administration of the Settlement shall be stayed pending final
22 resolution of the appeal or other appellate review.

23       22.  <u>Appraisal and Certification By Claims Administrator</u>.

24      The Claims Administrator shall keep Oldenkamp, Oldenkamp's
25 counsel and Plaintiffs' Counsel apprised of all distributions from
26 the Settlement Fund (to the extent the Claims Administrator is
27 responsible for any such distribution) and upon completion of
28 administration of that portion of the Settlement, the Claims

1 Administrator shall provide written certification of such
2 completion to the District Court and counsel for all Parties.

3    23. Privacy of Documents and Information. Plaintiffs and
4 their counsel agree that none of the documents and information
5 provided to them by Oldenkamp shall be used for any purpose other
6 than prosecution of the Class Actions.    The protective order
7 entered into by the parties shall remain in effect throughout the
8 completion of the settlement and following the conclusion of the
9 settlement and the dismissal of this matter.

10    24. No Effect on Employee Benefits. The Settlement Awards
11 paid to the Named Plaintiff or other Settlement Class Members shall
12 be deemed not to be pensionable earnings and shall not have any
13 effect on the eligibility for, or calculation of, any of the
14 employee benefits (e.g., vacations, holiday pay, retirement plans,
15 etc.) of the respective Named Plaintiff or Settlement Class
16 Members.    The Parties agree that any Settlement Awards to
17 Settlement Class Members under the terms of this Agreement do not
18 represent any modification of Settlement Class Members' previously
19 credited hours of service or other eligibility criteria under any
20 employee pension benefit plan or employee welfare benefit plan
21 sponsored by Oldenkamp.    Further, any Settlement Awards or
22 Incentive Awards hereunder shall not be considered "compensation"
23 in any year for purposes of determining eligibility for, or benefit
24 accrual within, an employee pension benefit plan or employee
25 welfare benefit plan sponsored by Oldenkamp.

26    25. Publicity. From and after the execution of this
27 Agreement, the Named Plaintiff and Plaintiffs' Counsel may: (1) in
28 response to specific questions from Plaintiffs; (2) as required by

STIPULATION AND SETTLEMENT AGREEMENT OF                CASE NO. CIV F-04-6279 AWI LJO
ACTION CLAIMS; EXHIBITS 1-5              34

1  law; or (3) as required under the terms of this Agreement, comment
2  regarding the specific terms of this Agreement.   In all other
3  cases, the Named Plaintiff and Plaintiffs' Counsel agree to limit
4  their statements regarding the terms of this Agreement, whether
5  oral, written or electronic (including the world wide web), to say
6  the Class Actions have been resolved and that Named Plaintiff and
7  Plaintiffs' Counsel are satisfied with the settlement terms.
8  Neither the Named Plaintiff, Plaintiffs nor Plaintiffs' Counsel
9  shall hold any press conference related in any way to the
10 Settlement.   This paragraph only applies to the terms of the
11 Agreement and does not preclude Named Plaintiff and Plaintiffs'
12 Counsel from referring others to the Court file.

13      26.  <u>No Admission By the Parties</u>. Oldenkamp and the Released
14 Parties deny any and all claims alleged in the Class Actions and
15 deny all wrongdoing whatsoever. This Agreement is not a concession
16 or admission, and shall not be used against Oldenkamp or any of the
17 Released Parties as an admission or indication with respect to any
18 claim of any fault, concession or omission by Oldenkamp or any of
19 the Released Parties.   Whether or not the Settlement is finally
20 approved, neither the Settlement, the terms sheet entered into at
21 the time that the settlement was reached, nor any document,
22 statement, proceeding or conduct related to this Agreement, the
23 terms sheet entered into at the time of the settlement, nor any
24 reports or accounts thereof, shall in any event be:

25      a.   construed as, offered or admitted in evidence as,
26 received as, or deemed to be evidence for any purpose adverse to
27 the Released Parties, including, but not limited to, evidence of a
28 presumption, concession, indication or admission by any of the

1 Released Parties of any liability, fault, wrongdoing, omission,
2 concession or damage; or

3       b.   disclosed, referred to or offered or received in
4 evidence against any of the Released Parties, in any further
5 proceeding in the Class Actions, or any other civil, criminal or
6 administrative action or proceeding except for purposes of settling
7 this Class Actions pursuant to this Agreement.

8       27.   Exhibits and Headings.   The terms of this Agreement
9 include the terms set forth in any attached Exhibits 1-5, which are
10 incorporated by this reference as though fully set forth herein.
11 Any Exhibits to this Agreement are an integral part of the
12 Settlement. The descriptive headings of any paragraphs or sections
13 of this Agreement are inserted for convenience of reference only
14 and do not constitute a part of this Agreement.

15       28.   Interim Stay of Proceedings.   The Parties agree to hold
16 all proceedings in the Class Actions, except such proceedings
17 necessary to implement and complete the Settlement, in abeyance
18 pending the Settlement Hearing to be conducted by the District
19 Court.

20       29.   Amendment or Modification.   This Agreement may be amended
21 or modified only by a written instrument signed by counsel for all
22 Parties or their successors-in-interest.

23       30.   Entire Agreement.   This Agreement and any attached
24 Exhibits constitute the entire agreement among these Parties, and
25 no oral or written representations, warranties or inducements have
26 been made to any Party concerning this Agreement or its Exhibits
27 other than the representations, warranties and covenants contained
28 and memorialized in such documents. Except as expressly set forth

1   herein, Oldenkamp shall not be required as part of the Settlement
2   to modify or eliminate any of its personnel, compensation or
3   payroll practices, or adopt any new personnel, compensation or
4   payroll practices.

5       31.   Authorization to Enter Into Settlement Agreement.
6   Counsel for all Parties warrant and represent they are expressly
7   authorized by the Parties whom they represent to negotiate this
8   Agreement and to take all appropriate action required or permitted
9   to be taken by such Parties pursuant to this Agreement to
10  effectuate its terms, and to execute any other documents required
11  to effectuate the terms of this Agreement. The Parties and their
12  counsel will cooperate with each other and use their best efforts
13  to effect the implementation of the Settlement. In the event the
14  Parties are unable to reach agreement on the form or content of any
15  document needed to implement the Settlement, or on any supplemental
16  provisions that may become necessary to effectuate the terms of
17  this Settlement, the Parties may seek the assistance of the
18  District Court to resolve such disagreement. The persons signing
19  this Agreement on behalf of Oldenkamp represent and warrant that
20  they are authorized to sign this Agreement on behalf of Oldenkamp.

21      32.   Binding on Successors and Assigns. This Agreement shall
22  be binding upon, and inure to the benefit of, the successors or
23  assigns of the Parties hereto, as previously defined.

24      33.   Counterparts. This Agreement may be executed in one or
25  more counterparts. All executed counterparts and each of them
26  shall be deemed to be one and the same instrument provided that
27  counsel for the Parties to this Agreement shall exchange among
28  themselves original signed counterparts.

1       34.  <u>This Settlement is Fair, Adequate and Reasonable</u>.  The
2   Parties believe this Settlement is a fair, adequate and reasonable
3   settlement of the Class Actions and have arrived at this Settlement
4   in  arms-length  negotiations,  taking  into  account  all  relevant
5   factors, present and potential.  This Settlement was reached after
6   extensive negotiations.

7       35.  <u>Jurisdiction of the Court</u>.  The Court shall retain
8   jurisdiction with respect to the interpretation, implementation and
9   enforcement  of  the  terms  of  this  Agreement  and  all  orders  and
10  judgments  entered  in  connection  therewith,  and  the  parties  and
11  their counsel hereto submit to the jurisdiction of the Court for
12  purposes of interpreting, implementing and enforcing the settlement
13  embodied in this Agreement and all orders and judgments entered in
14  connection therewith.

15      36.  <u>Cooperation and Drafting</u>.  Each of the parties has
16  cooperated in the drafting and preparation of this Agreement.
17  Hence, in any construction made to this Agreement, the same shall
18  not be construed against any of the parties.

19      37.  <u>Invalidity of Any Provision</u>.  Before declaring any
20  provision of this Agreement invalid, the Court shall first attempt
21  to construe the provisions valid to the fullest extent possible
22  consistent  with  applicable  precedents  so  as  to  define  all
23  provisions of this Agreement valid and enforceable.

24      38.  <u>Named Plaintiff's Waiver of Right to be Excluded and
            Object</u>.
25
26  The Named Plaintiff agrees to sign this Agreement and by signing
27  this Agreement is bound by the terms herein stated and further
28  agrees not to request to be excluded from the Settlement Class and

 1 | agrees not to object to any of the terms of this Agreement.  Non-
 2 | compliance by the Named Plaintiff with this paragraph shall be void
 3 | and of no force or effect.  Any such request for exclusion or
 4 | objection shall therefore be void and of no force or effect.  Named
 5 | Plaintiff also agrees to not disparage the settlement to Plaintiffs
 6 | or encourage, in any way, Plaintiffs to not submit a Claim Form or
 7 | to submit a request to be excluded from the Settlement.

 8 | DATE: May 23, 2006              /s/Eduardo Aguayo (original___
                                     signature retained by attorney
 9 |                                 EDUARDO AGUAYO
                                     NAMED PLAINTIFF
10 |

11 |
                                         Harold Oldenkamp (original
12 | DATE: May 23, 2006              /s/ signature retained by attorney)
                                     OLDENKAMP TRUCKING
13 |                                 By: HAROLD OLDENKAMP

14 |

15 | DATE: May 23, 2006              LAW OFFICE OF JERRY BUDIN

16 |

17 |                                 /s/ Jerry Budin_____
                                     JERRY BUDIN
18 |                                 Attorney for Plaintiffs,
                                     EDUARDO AGUAYO, et al.
19 |

20 | DATE: May 23, 2006              SHEPPARD, MULLIN, RICHTER & HAMPTON

21 |

22 |                                 /s/ David B. Chidlaw_____
                                     DAVID B. CHIDLAW
23 |                                 AttorneyS for Defendant,
                                     OLDENKAMP TRUCKING
24 |

25 |

26 |

27 |

28 |

**EXHIBIT 1**

# Summary of Unpaid Wages

**U.S. Department of Labor**
Employment Standards Administration

Wage and Hour Division

| ( Office Address) West Covina District Office<br>100 North Barranca Avenue<br>Suite 850<br>West Covina, CA 91791-1638<br>626-966-0478 | | Investigator:<br>**Eric Williams** | | | | Date:<br>*07/15/2005* |
| | | Employer Fed Tax ID Number      33-0594145 | | | | |

| 1. Name | 2. Address | 3. Period Covered<br>by Work Week<br>Ending Dates | .4. Act(s) | 5. Gross<br>Amounts Due |
|---|---|---|---|---|
| Aceves, Gabriel | 5403 Cascade Ridge Street<br>Bakersfield, CA 93307 | 02/21/2004<br>to  12/04/2004 | | $4,649.00 |
| Alcala, Raul D | 1228 S. Cypress Street, Unit # C<br>Ontario, CA 91762 | 02/01/2003<br>fo  12/18/2004 | | $3,436.53 |
| Avila, Enrique | 4308 Milo Avenue<br>Bakersfield, CA 93307 | 04/05/2003<br>to  12/18/2004 | | $3,694.98 |
| Bayona, Carlos | 6715 Betty Street<br>Bakersfield, CA 93307 | 07/17/2004<br>to  12/04/2004 | | $3,958.00 |
| Carmona, Benedicto | 8890 Buckeye Drive<br>Fontana, CA 92335 | 10/02/2004<br>fo  10/16/2004 | | $335.39 |
| Castro, Pedro C | 3259 Cabernet Drive<br>Mira Loma, CA 91752 | 08/02/2003<br>to  12/18/2004 | | $4,896.01 |
| Cummings, George | P.O. Box 5631<br>Bakersfield, CA 93388 | 07/17/2004<br>to  12/18/2004 | | $5,559.59 |
| Godinez, Miguel B | 910 Eva Donnard<br>Bakersfield, CA 93307 | 01/18/2003<br>to  12/04/2004 | | $8,518.05 |
| Hahka Jr., Mike J | 1024 Sagecrest<br>San Jacinto, CA 92583 | 05/15/2004<br>to  12/18/2004 | | $7,151.96 |
| Hudson, Lou D | 25580 Amanda Street<br>San Bernardino, CA 92404 | 12/04/2004<br>to  12/04/2004 | | $25.72 |
| Ledezma, Jose R | 914 Joplin Court<br>Bakersfield, CA 93307 | 01/18/2003<br>to  .01/01/2005 | | $4,384.24 |
| Lopez, Raul | 2476 Cannonade Court<br>Perris, CA 92571 | 01/18/2003<br>to  09/06/2003 | | $1,559.51 |
| Lozano, Jose | 323 E. Acacia Street<br>Ontario, CA 91761 | 11/06/2004<br>to  12/18/2004 | | $1,379.30 |
| Maldonado, Vidal | 4139 Pyrite Street<br>Riverside, CA 92509 | 03/20/2004<br>to  12/18/2004 | | $3,572.46 |
| Ramirez, Salvador | 10531 So. Union Ave., Apt # 1<br>Bakersfield, CA 93307 | 05/01/2004<br>to  12/18/2004 | | $4,986.27 |
| Rocha, Jose | 2409 Fairview Road<br>Bakersfield, CA 93304 | 01/18/2003<br>to  12/18/2004 | | $8,196.82 |

| I agree to pay the listed employees the<br>back wages shown due and to mail<br>proof of payment to the Wage and Hour<br>District Office shown above by<br>*01/08/2006*<br><br>Signed: ----- .------------------ | Employer Name and Address:<br><br>*Oldenkamp Trucking*<br>*Oldenkamp Trucking, Inc.*<br>*11011 E. Riverside Dr.*<br><br>*Ontario, CA 91761* | | | Subtotal | $66,303.83 |

* Column 4-Code
FLSA   1
PCA   2
SCA   3
DBRA   4
CWHSSA   5
CCPA   6
FMLA   7

Summary of Unpaid Wages

**U.S. Department of Labor**
Employment Standards Administration

Wage and Hour Division

| ( Office Address)  West Covina District Office | Investigator: | Date: |
|---|---|---|
| 100 North Barranca Avenue | Eric Williams | 07/15/2005 |
| Suite 850 | | |
| West Covina, CA 91791-1638 | Employer Fed Tax ID Number  33-0594145 | |
| 626-966-0478 | | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| Rodriguez, Gustavo | 915 Joplin Court Bakersfield, CA 93307 | 02/21/2004 to 12/18/2004 | | $3,619.60 |
| Rodriguez, Mario A | 684 E. Fernleaf Avenue Pomona, CA 91766 | 02/01/2003 to 12/18/2004 | | $4,020.75 |
| Ruvalcaba, Enrique | 11667 Belmonte Road Fontana, CA 92337 | 01/18/2003 to 12/18/2004 | | $5,806.39 |
| Siordia, Ruben | 1698 San Bernardino Avenue Pomona, CA 91767 | 02/01/2003 to 12/04/2004 | | $6,380.76 |
| Vasquez, Otoniel | 3511 Squire Circle Bakersfield, CA 93309 | 04/03/2004 to 12/04/2004 | | $5,735.53 |

| I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by | Employer Name and Address: | | TOTAL | $91,886.86 |
|---|---|---|---|---|
| 01/08/2006 | Oldenkamp Trucking Oldenkamp Trucking, Inc. 11011 E. Riverside Dr. | | * Column 4-Code FLSA 1 PCA 2 SCA 3 DBRA 4 | |
| Signed: ——————— | Ontario, CA 91761 | | CWHSSA 5 CCPA 6 FMLA 7 | |

Date: 07/15/2005 10:57:55 AM          Case ID: 1382420

Form WH-56
Page 2

*Wage Transcription and Computation Sheet*

**U.S. DEPARTMENT OF LABOR**
Employment Standards Administration
Wage and Hour Division



SEMI_S_DYS (CA+)

Gonzalez, Victor

| Firm Name | | | | | Case ID | | | | Date | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Oldenkamp Trucking** | | | | | **1382420** | | | | **07/07/2005** | | |

| Employee Name | | | | | Social Security No. | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Gonzalez, Victor** | | | | | **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** | | | | | | |

| Street Address | | | | | City, State, Zip Code | | | | Occupation | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **480 W. White Rock Avenue** | | | | | **Earlimart, CA 93219** | | | | **Driver (former)** | | |

| WEEK ENDING | REG WAGES | TOTAL HOURS | DAYS IN PERIOD | OT HOURS | REGULAR RATE | MW DUE ($5.15) | REG RATE DUE | ½-TIME DUE | OVERTIME DUE | AMOUNT DUE |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/31/2004 | 2,280.00 | 89.50 | 11 | 1.50 | 25.47 | 0.00 | 0.00 | 19.11 | 19.11 | 19.11 |

TOTAL BACK WAGES

Investigator:  **Eric Williams**

**EXHIBIT A - 9**

EXHIBIT 2

**U.S. Department of Labor**

Office of the Solicitor
World Trade Center
350 South Figueroa Street, Suite 370
Los Angeles, California 90071-1202
(213) 894-4229
Fax: 894-2064
mckee.pamela@dol.gov

December 1, 2005

Jerry Budin, Esq.
1500 J Street, Second Floor
Modesto, CA 95354-1123
Ilkhalalahahahahahall

David Chidlaw, Esq.
Sheppard, Mullin, Richter & Hampton
501 West Broadway, 19ᵗʰ Fl.
San Diego, CA 92101
Ilhalalahalahahahahall

Re:    Investigation of Oldenkamp Trucking, Inc.
       Our Reference No.: Sol#0517103

Dear Gentlemen:

Per our conversation, attached please find a copy of the Wage Hour Summary of Unpaid Wages
(Form WH-56) and the Wage Transcription and Computation Sheet for each employee. These
documents show how Wage Hour arrived at the amounts due each employee. I would note that
Mr. Aguayo is not listed, in that Wage Hour knew he was part of the depending action and thus
did not calculate backwages for him.

As we discussed, the Department should be notified regarding how the private parties plan to
have the payments made and when. I assume Oldenkamp will run a payroll and deliver net
checks to the employees. Wage Hour requests Oldenkamp provide it a schedule which shows,
for each employee, the gross amount of backwages due, the deductions taken, and the amount of
the net check. Please also keep me apprised of the status of the action pending in federal district
court.

I discussed with Wage Hour what should happen if employees cannot be found and the Depart-
ment requests that the funds be sent to it. Wage Hour would then make additional efforts to find
these missing employees. This would be accomplished by Oldenkamp sending one check made
out to "Wage & Hour Div., Labor," representing the total net amount due the missing employees.
Along with this check Oldenkamp should send a schedule identifying which employees are miss-
ing, the gross amount due each missing employee, what withholdings were taken and what net
amount is thus due each missing employee. Wage Hour would expect this check within a few
months of the checks being run, in that the private parties should know fairly quickly if an em-

Sol#0517103                                                              Page 1 of 2

ployee cannot be found.

If there is anything else you need, please do not hesitate to contact me.

Sincerely,

Lawrence Brewster
Acting Regional Solicitor

By _Pamela W. McKee_
Pamela W. McKee
Associate Regional Solicitor

Enclosure

SOL:PWM

EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
(FRESNO DIVISION)

EDUARDO AGUAYO,                                    CASE NO. CV F 04-6279 AWI LJO
individually and on behalf of
all others similarly-situated,

                    Plaintiffs,

vs.

OLDENKAMP TRUCKING,

                    Defendant.

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:    All truck drivers who were employed by Oldenkamp Trucking, in California at any time from September 20, 2000 through January 1, 2005 and who hauled milk solely within California.

THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

        YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR _____, 2006 BEFORE THE HONORABLE LAWRENCE J. O'NEILL, MAGISTRATE JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

## 1.    INTRODUCTION

        On September 20, 2004, Eduardo Aguayo, individually and on behalf of other truck drives, filed a lawsuit against Oldenkamp Trucking, alleging that he worked for Oldenkamp Trucking as a truck driver and was entitled to overtime compensation for hours worked in excess of forty (40) per week, but that Oldenkamp Trucking failed to pay him at overtime rates for those overtime hours worked. Oldenkamp Trucking denies these allegations.

        A tentative settlement of these cases has been reached. The settlement will apply to all persons who meet the following definitions ("Settlement Classes"):

### Settlement Class 1

All persons who are now employed or have been employed by defendant OLDENKAMP TRUCKING in the State of California, who, on or after January 18, 2003 to January 1, 2005, have worked as an intrastate truck driver hauling milk solely within the State of California and have worked in excess of forty (40) hours per week without being paid overtime compensation by OLDENKAMP for those excess hours.

### Settlement Class 2

All persons who are now employed or have been employed by defendant OLDENKAMP TRUCKING in the State of California, who, on or after September 20, 2000 to January 1, 2003, have worked as an intrastate truck driver hauling milk solely within the State of California and have worked in excess of forty (40) hours per week without being paid overtime compensation by OLDENKAMP for those excess hours.

**The Reason You Have Received This Notice**

You are believed to be a member of one the Settlement Classes. If so, your rights will be affected because the parties have tentatively settled the lawsuits. Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement of the case. By preliminary approval of the proposed settlement on _____, the Court has preliminarily determined that the lawsuit could be settled.

You are hereby notified that:

1. A settlement of the claims of the Settlement Classes has been proposed by Plaintiff Eduardo Aguayo and his attorney and Defendant Oldenkamp Trucking, and its attorneys;

2. The proposed Settlement has been submitted to the Court, and has received preliminary approval;

3. If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against Oldenkamp Trucking, for any claim occurring during the period from September 20, 2000 through January 1, 2005 that was raised or could have been raised in the Plaintiff's complaint.

4. You and any other persons in the Settlement Class have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts IV-V of this notice.

5. A hearing to finally approve the settlement is scheduled for _____, 2006 in Courtroom No. 8, at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721.

At the hearing, any member of the Classes may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part IV of this Notice have been followed. You should read that part carefully. Class members who do not make objections in the manner provided in Part IV of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of these lawsuits and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## II.    NATURE OF THE LAWSUIT

In this case, the Plaintiff has sued Oldenkamp Trucking, for nonpayment of overtime for hours worked in excess of forty in a week. Oldenkamp Trucking has denied and continues to deny all of the allegations made by the Plaintiff.

The Plaintiff and Oldenkamp Trucking, ("the Parties") have tentatively settled these lawsuits. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Class and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of the Settlement Classes established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## III    SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Oldenkamp Trucking has agreed to provide certain relief to persons in the Classes. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VI. The relief granted by the proposed Settlement Agreement is

summarized as follows:

1.    Oldenkamp Trucking, will pay the total sum ("Sum") of one hundred twenty-nine thousand three
      hundred dollars ($129,300.00) less attorney fees and costs awarded to Class Counsel and any
      enhancement awarded to the Plaintiff Eduardo Aguayo .

2.    In order to receive payment under this section, each class member must file a timely Claim Form,
      which is enclosed with this Notice.

3.    Oldenkamp Trucking will pay reasonable attorneys' fees in a maximum amount not to exceed
      $15,000.00 and actual costs. All payments for attorneys' fees and costs will be paid from the Sum,
      which will reduce any payments made to you as a class member. Class Counsel will apply to the court
      for approval of his attorneys' fees and costs at the hearing scheduled for _____, 2006.

4.    The Court will also be asked to award an enhancement payment to Eduardo Aguayo in the amount of
      $5,000.00.

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff
Class members as to the amount each individual participating Plaintiff will receive in settlement. Monies paid pursuant
to the Settlement are taxable. Oldenkamp Trucking will make all lawful payroll deductions from any payments paid to
Class members from the Sum as set forth in the Settlement Agreement.

## IV.    HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which
the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement,
you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A.    So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by
first class postage to the Court at United States District Court for the Eastern District of California, Courtroom No. 8,
United States Courthouse, 2500 Tulare Street, Fresno, California, 93721, to Class Counsel, Jerry Budin, Esq., Law Office
of Jerry Budin, 1500 "J" Street, Modesto, CA 95354, and to Geoffrey DeBoskey, Esq., Sheppard, Mullin, Richter &
Hampton, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071 (Defendant's Counsel): (i) a written statement
advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other
papers which you propose to submit to the Court, including any legal briefs or memoranda. You may appear personally,
or through your own counsel, paid for at your own expense.

B.    If you have satisfied the requirements set forth above, you have the right to address the Court at the
hearing scheduled for _____, 2006 before the Honorable Lawrence J. O'NEILL, Magistrate Judge, United States
District Court for the Eastern District of California, Courtroom No. 8, United States Courthouse, 2500 Tulare Street,
Fresno, California 93721.

## V.    PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT
AGREEMENT

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the
proposed Settlement by taking the following steps.

A.    So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by
first class postage to Class Counsel, Jerry Budin, 1500 J Street, , Modesto, CA 95354 if you wish to be excluded from
the Settlement Agreement. The written request must contain your name, address, telephone number, Social Security
number and the location and years of your employment by Oldenkamp Trucking

B.    If you do not submit a Request for Exclusion. you will be bound by the Settlement Agreement, if it is
approved by the Court.

C.    Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written
exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation.

## VI.   CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto, California 95354, telephone (209) 544-3030.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

.

# EXHIBIT 4

# United States District Court, Eastern District of California, Fresno Division

**Eduardo Aguayo v. Oldenkamp Trucking**

**Case No. CV F 04-6279 AWI LJO**

## CLAIM FORM/FLSA CONSENT FORM

### COMPLETE, SIGN AND MAIL TO:

Jerry Budin, Esquire
1500 J Street, Second Floor
Modesto, CA 95354

Must be Postmarked  No Later Than: (60 days from mailing)

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM
TO SHARE IN THE MONETARY RECOVERY FROM OLDENKAMP TRUCKING,**

(1) Please type or print the following identifying information:

Name:_____

Address:_____

City, State, Zip: _____ Social Security Number:_____ '

Telephone Number (Work):_____ Telephone Number (Home): _____

(2) My best estimate of the time that I was employed by Oldenkamp Trucking, as a truck driver who hauled milk between September 20, 2000 to January 1, 2005, is as follows:

Beginning Date          End Date

_____        _____

(3) By signing below, I understand that I am agreeing to a full and complete release of Oldenkamp Trucking, including its officers, directors and owners, for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to these actions, including but not limited to any and all claims for unpaid wages, worked overtime, and waiting time penalties, under both federal and state law, including the Fair Labor Standards Act, Section 16(b).

By signing below, I also hereby consent to joint this action under 29 U.S.C. Section 216(b) for purposes of the Fair Labor Standards Act.

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or Suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [employer]."

X _____        _____

*(Sign your name here)*                            Date

## CLAIM FORM INSTRUCTIONS

### COMPLETE THE ENCLOSED CLAIM FORM  IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST COMPLETE, SIGN AND MAIL THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE (60 days from mailing), ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

### MAIL TO:

**Jerry Budin, Esquire**
**1500 J Street, Second Floor**
**Modesto, CA 95354**

EXHIBIT B

AGUAYO v. OLDENKAMP
CLASS 1 CLAIMANTS
1/18/03 - 1/1/05

| Name | Address | Gross Amount Due |
|---|---|---|
| eves, Gabriel | 5403 Cascade Ridge Street, Bakersfield, CA 93307 | $4,649.00 |
| juayo, Eduardo | 7600 Hidden Bridge Dr., Bakersifeld, CA 93313 | $2,214.86 |
| cala, Raul D. | 1228 S. Cypress Street, Unit C, Ontario, CA 91762 | $3,436.53 |
| ilia, Enrique | 9089 Sierra Ave., Fontana, CA 92335 | $3,694.98 |
| lyona, Carlos | 6715 Betty Street, Bakersfield, CA 93307 | $3,958.00 |
| astro, Pedro C. | 6310 Lucky Star Ct., Bakersfield, CA 93311 | $4,896.01 |
| ummings, George | 2941 Ka'Iliili Rd., Haiku, HI 96708 | $5,559.59 |
| odinez, Miguel B. | 910 Eva Donna Rd., Bakersfield, CA 93307 | $8,518.05 |
| ahka Jr., Mike J. | 1024 Sagecrest, San Jacinto, CA 92583 | $7,151.96 |
| idson,Lou D. | 404 Richard Dr., Rolla, MO 65401 | $25.72 |
| dezma, Jose R. | 914 Joplin Court, Bakersfield, CA 93307 | $4,384.24 |
| aldonado, Vidal | 4139 Pyrite Street, Riverside, CA 92509 | $3,572.46 |
| amirez, Salvador | 5450 Troth St., Apt. A, Mira Loma, CA 91752 | $4,986.27 |
| ocha, Jose | 2409 Fairview Road, Bakersfield, CA 93304 | $8,196.82 |
| odriguez, Gustavo | 915 Joplin Court, Bakersfield, CA 93307 | $3,619.60 |
| odriguez, Mario A. | 10610 ArdenVilla Dr., Bakersfield, CA 93311 | $4,020.75 |
| uvalcaba, Enrique | 11667 Belmonte Road, Fontana, CA 92337 | $5,806.39 |
| iordia, Ruben | 1698 San Bernardino Ave., Pomona, CA 91767 | $6,380.76 |
| asquez, Ontoniel | 3540 Atchison Cir., Riverside, CA 92503 | $5,735.53 |
| | CLAIMANTS TOTAL | $90,807.52 |

AGUAYO v. OLDENKAMP
CLASS 1 CLAIMANTS -PAYMENTS TO DOL
1/18/03 - 1/1/05

| Name | Address | Gross Amount Due |
|---|---|---|
| irmona, Benedicto | 8890 Buckeye Drive, Fontana, CA 92335 | $335.39 |
| pez, Raul | 2476 Cannonade Court, Perris, CA 92571 | $1,559.51 |
| zano, Jose | 323 E. Acacia Street, Ontario, CA 91761 | $1,379.30 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | CLAIMANTS TOTAL | $3,274.20 |

AGUAYO v. OLDENKAMP
CLASS 2 CLAIMANTS
9/20/00 - 1/18/03

| Name | Address | Total Overtime | Pro Rata Share (%) | Gross Amount Due |
|------|---------|----------------|--------------------|------------------|
| Alcala, Raul D. | 1228 S. Cypress Street, Unit C, Ontario, CA 91762 | $9,061.06 | 40% | $ 5,983.26 |
| Daike, Kirk K. | 16235 Boyle Avenue, Fontana, CA 92337 | $1,000.00 | 4% | $ 660.33 |
| Godinez, Miguel B. | 910 Eva Donna Rd., Bakersfield, CA 93307 | $1,940.03 | 9% | $ 1,281.05 |
| Hernandez, Mario | 451 Riverside Dr., Ontario, CA 91761 | $1,000.00 | 4% | $ 660.33 |
| Ledezma, Jose | 914 Joplin Court, Bakersfield, CA 93307 | $6,631.78 | 29% | $ 4,379.14 |
| Rocha, Jose | 2409 Fairview Road, Bakersfield, CA 93304 | $175.77 | 1% | $ 116.07 |
| Rodriguez, Mario | 10610 Arden Villa Dr., Bakersfield, CA 93311 | $715.74 | 3% | $ 472.62 |
| Siordia, Ruben | 1698 San Bernardino Avenue, Pomona, CA 91767 | $2,035.72 | 9% | $ 1,344.24 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| CLAIMANTS TOTAL | | $22,560.10 | 100% | $14,897.03 |