1  Jerry N. Budin
   State Bar #88539
2  Law Office of Jerry Budin
   2401 E. Orangeburg Ave., Ste. 675-309
3  Modesto, California 95355
   Telephone: (209) 544-3030
4  Facsimile: (209) 544-3144

5  Attorney for Plaintiffs,
   EDUARDO AGUAYO, et al.

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        (Fresno Division)

11

12  EDUARDO AGUAYO, et al.,       )  CASE NO. CV F 04-6279 AWI
                                  )
13                  Plaintiffs,   )  NOTICE OF MOTION AND MOTION
                                  )  TO ENFORCE JUDGMENT AND
14  vs.                           )  SETTLEMENT AGREEMENT; MEMORANDUM
                                  )  OF POINTS AND AUTHORITIES;
15  OLDENKAMP TRUCKING, et al.,   )  DECLARATION OF JERRY BUDIN
                                  )
16                  Defendants.   )
    _____)  DATE:   March 3, 2008
17                                   TIME:   9:00 a.m.
                                     CRTRM:  2
18                                   JUDGE:  Hon. Anthony W. Ishii

19

20
                          **NOTICE OF MOTION**
21
         TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
22
         PLEASE TAKE NOTICE that on March 3, 2008 at 9:00 a.m. in
23
    the above-entitled court, plaintiff EDUARDO AGUAYO will move this
24
    court for the following orders with respect to the enforcement of
25
    Judgment and Settlement Agreement entered herein on October 27,
26
    2006 (Doc. 64):
27
         1.   An order requiring defendant OLDENKAMP TRUCKING CO. to
28
    _____
    NOTICE OF MOTION AND MOTION TO ENFORCE JUDGMENT AND          CASE NO. CV-F-04-6279 AWI
    SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND
    AUTHORITIES; DECLARATION OF JERRY BUDIN

1  pay interest to each settlement class member and to the Department

2  of Labor (DOL) as a penalty for the late payment of the settlement

3  awards;

4      2.   An   order   requiring   defendant   OLDENKAMP   TRUCKING

5  CO. to pay over to the Department of Labor the unclaimed funds for

6  settlement class member Lou Hudson;

7      3.   An order requiring defendant OLDENKAMP TRUCKING CO. to

8  pay to settlement class member Miguel Godinez his settlement award

9  of $1,000.00 plus interest.

10      This motion is made on the grounds that defendant OLDENKAMP

11  TRUCKING  CO.  has  violated  the  terms  of  the  Judgment  and  the

12  Settlement Agreement.

13      This  motion  is  based  on  this  notice,  on  the  attached

14  Memorandum Of Points And Authorities, the attached Declaration Of

15  Jerry Budin, on the papers and records on file herein, and on such

16  oral and/or documentary evidence as may be presented at the hearing

17  of this motion.

18  DATED: January 29, 2008

19                                      LAW OFFICE OF JERRY BUDIN

20

21                                       /s/ Jerry Budin
                                        _____

22                                      Jerry Budin
                                        Attorney for Plaintiff,
23                                      EDUARDO AGUAYO, et al.

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO ENFORCE JUDGMENT AND             CASE NO. CV-F-04-6279 AWI
SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF JERRY BUDIN

2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### PROCEDURAL HISTORY

This is a collective and class action for unpaid overtime compensation under the Fair Labor Standards Act (29 U.S.C. §201 et seq.- "FLSA") and the California Unfair Competition Act (California Business and Professions Code § 17200 et seq. - "UCA").

This case was settled pursuant to a Stipulation And Settlement Agreement Of Class Action Claims (Doc. 46) which was finally approved pursuant to a Judgment entered herein on October 27, 2006 (Doc. 64).

The defendant has violated the terms of the Judgment and the Settlement Agreement with regard to the payment of settlement awards to the class members.  For approximately one year now, plaintiff's counsel has attempted to informally resolve this matter with defendant through its counsel, but to no avail.  Therefore, plaintiff has been forced to bring the instant motion seeking this court's assistance in enforcing the terms of the Judgment and the Settlement Agreement.

The terms of the Judgment and Settlement Agreement which have been violated by the defendant are discussed in the sections below.

**A.   Late Payments Of Awards To Settlement Class Members**

Pursuant to the Settlement Agreement, all of the settlement awards were to be paid to the settlement class members by defendant OLDENKAMP TRUCKING CO. "within fifteen (15) days after the Effective Date" [See Stipulation And Settlement Agreement Of Class Action Claims ("Stipulation"), p. 14, ¶8](Doc. 46).  The Effective

NOTICE OF MOTION AND MOTION TO ENFORCE JUDGMENT AND                    CASE NO. CV-F-04-6279 AWI
SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF JERRY BUDIN

3

1  Date was December 14, 2006 (45 days after entry of judgment since

2  no appeal was filed)(See Stipulation, pp. 6-7, ¶1).  Plaintiff's

3  counsel gave ample warning to defense counsel of the impending date

4  for distribution of the settlement awards.  (See Declaration of

5  Jerry Budin, ¶ 2) ("Budin Decl.")  However, despite the terms of

6  the Stipulation and the advance notice given by plaintiff's

7  counsel, defendant did not begin to distribute any of the

8  settlement awards until January 3, 2007, a delay of twenty (20)

9  days.[1]

10       The total amount that was to have been distributed on December

11  14, 2006 to the settlement class members was $105,704.55. [See

12  Exhibit B to Findings And Recommendations On Final Approval Of

13  Stipulation And Settlement Agreement (Doc. 60)].  According to the

14  Stipulation, the penalty for late payments was "6% per annum

15  interest on the past due amounts, running from the due date" for

16  those payments. [See Stipulation, pp. 19-20, ¶10(e)].  Accordingly,

17  the total interest due on these late payments is $352.35

18  ($105,704.55 x 6% per annum x 20 days).

19       **B.   Late Payments To DOL**

20       Pursuant to the Judgement and the Stipulation, payments to

21  three of the Class 1 members were to be made to the Department of

22  Labor (DOL).  See Findings And Recommendations, Exhibit B (Doc.

23  60).[2]

24

25  [1] In reality, due to clerical errors by the defendant, some of
   the payments did not actually go out until late January or early
26  February.  However, for the purposes of this motion, plaintiff is
   not asking for additional late penalties beyond January 3.

27

28  [2] Because of the involvement of the Department of Labor in this
   case, the Settlement Agreement provided that if any potential Class

NOTICE OF MOTION AND MOTION TO ENFORCE JUDGMENT AND          CASE NO. CV-F-04-6279 AWI
SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF JERRY BUDIN

4

1    Although the original due date for the payments to the DOL was

2 the same as the due date for the payments to the other settlement

3 class members (December 14, 2006), the actual procedure for

4 payments to the DOL was not established until January 11, 2007.

5 Therefore, plaintiff considers the due date for the payments to the

6 DOL to be January 15, 2007 (January 11 plus a four-day grace

7 period)(Budin Decl., ¶ 5).   However, defendant did not send the

8 monies to the DOL until March 30, 2007, a delay of seventy-four

9 (74) days (Budin Decl., ¶ 6).   Therefore, the penalty for those

10 late payments is $40.38   ($3,274.20 x 74 days x 6% per annum).

11    **C.    The Late Payment to Claimant Miguel Godinez**

12    Settlement class member Miguel Godinez was to receive a

13 payment, both as a Class 1 claimant and as a Class 2 claimant. [See

14 Exhibit B to Findings And Recommendations (Doc. 60)] The Class 2

15 payment was to be in the amount of $1,281.05.   For some unknown

16 reason, however, defendant only sent Mr. Godinez a Class 2 payment

17 for the sum of $281.05 in January of 2007.   Plaintiff's counsel

18 reported this error to defense counsel and requested that the

19 additional $1,000.00 be sent to Mr. Godinez immediately (Budin

20 Decl., ¶ 7).

21    Unfortunately, before that payment could be sent to Mr.

22 Godinez, he moved to Texas but did not inform plaintiff's counsel

23 of his new address.   Plaintiff's counsel finally learned of Mr.

24 Godinez's new address in August of 2007 and provided that

25 _____

26 1 members did not file a claim form, those monies would be paid
over to the Department of Labor who would then hold such funds in
27 trust for those absent Class 1 members. During the claims notice
period, the parties were unable to locate the whereabouts of three
28 Class 1 claimants.

NOTICE OF MOTION AND MOTION TO ENFORCE JUDGMENT AND                CASE NO. CV-F-04-6279 AWI
SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF JERRY BUDIN

1   information to defense counsel (See Budin Decl., ¶ 8) and requested

2   that the $1,000.00 check be sent to that address immediately.

3   However, defendant has failed to comply with that request and, as

4   of this date, Mr. Godinez has not received his additional payment

5   of $1,000.00 (Budin Decl., ¶ 8).

6       Also, in addition to an order requiring defendant to pay

7   $1,000.00 to Mr. Godinez, plaintiff also seeks an order for a late

8   penalty interest charge commencing on and after August 22, 2007,

9   the date on which defense counsel was given Mr. Godinez's correct

10  address.  (See Budin Decl., ¶ 8)

11      **D.   Payment Of Unclaimed Funds For Lou Hudson To DOL**

12      Settlement Class 1 member Lou Hudson did file a claim form in

13  this matter and was issued a check directly by defendant OLDENKAMP

14  in January of 2007 for the sum of $25.72, less payroll taxes.

15  However, after the issuance of that check, Mr. Hudson moved and the

16  check was returned.  All efforts to locate Mr. Hudson have proved

17  unsuccessful and therefore, pursuant to the Stipulation, those

18  funds are to be paid over to the Department of Labor which will

19  hold them in trust for Mr. Hudson.  (See Stipulation, p. 14, ¶7)

20  Once again, plaintiffs' counsel has requested of defense counsel

21  that that money be paid over; but, to date, defendant has not

22  complied with that request.

23                              **II**

24                           **ARGUMENT**

25      This Court has the power to enter the orders requested by

26  plaintiff.  The Stipulation obligates defendant OLDENKAMP to abide

27  by the Stipulation with respect to the payment of the settlement

28  awards. [See Stipulation, p. 20, ¶11(e)] Furthermore, pursuant to

NOTICE OF MOTION AND MOTION TO ENFORCE JUDGMENT AND                    CASE NO. CV-F-04-6279 AWI
SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF JERRY BUDIN

1  the Judgment entered herein on October 27, 2006, the court retains

2  jurisdiction to make these orders:  "This Court shall retain

3  jurisdiction over this matter and the parties for the purpose of

4  enforcing compliance with said Stipulation And Settlement

5  Agreement." [See Judgment, ¶5 (Doc. 64)].  Therefore, plaintiff

6  requests that the Court enter the following orders:

7       1.   An order requiring defendant OLDENKAMP TRUCKING CO. to

8  pay interest to each settlement class member and to the Department

9  of Labor (DOL) as a penalty for the late payment of the settlement

10  awards;

11      2.   An order requiring defendant OLDENKAMP TRUCKING CO. to

12  pay over to the Department of Labor the unclaimed funds for

13  settlement class member Lou Hudson;

14      3.   An order requiring defendant OLDENKAMP TRUCKING CO. to

15  pay to settlement class member Miguel Godinez his settlement award

16  of $1,000.00  plus interest.

17  DATED: January 29, 2008

18                                      LAW OFFICE OF JERRY BUDIN

19

20                                      /s/ Jerry Budin
                                       _____
21                                      Jerry Budin
                                       Attorney for Plaintiff,
                                       EDUARDO AGUAYO, et al.

22

23                     **DECLARATION OF JERRY BUDIN**

24       I, JERRY BUDIN, declare:

25       1.   I am an attorney at law, duly licensed to practice in

26  the State of California and attorney of record for plaintiff

27  herein.

28

1    2.   On November 16, 2006 and on November 30, 2006, I gave

2 notification to defense counsel via e-mail that the due date for

3 mailing of the settlement awards was December 14, 2006.

4    3.   On January 4, 2007, I was notified by defense counsel via

5 e-mail that the first settlement awards were not mailed until

6 January 3, 2007.

7    4.   The total amount that was to be distributed to the Class

8 1 and Class 2 claimants on December 14, 2006 was $105,704.55.

9    5.   Due to a miscommunication between plaintiff's counsel and

10 the Department of Labor, the precise instructions for delivering

11 the settlement awards to the Department of Labor for three (3) of

12 the Class 1 claimants was not established until January 11, 2007.

13 On that date, I notified defense counsel via letter of the precise

14 instructions and requested that the payments to the Department of

15 Labor be made immediately.

16    6.   I was informed both by the Department of Labor and

17 defense counsel that the payments to the Department of Labor were

18 not mailed until March 30, 2007.   The amount of those payments was

19 $3,274.20.

20    7.   In January, 2007, I was informed by Miguel Godinez that

21 he received only partial payment of his Class 2 settlement in the

22 amount of $281.05.   I then immediately contacted defense counsel

23 and told him that Mr. Godinez's Class 2 payment was short by

24 $1,000.00.   Subsequently, Mr. Godinez moved to Texas, but did not

25 inform me of his new address.   Consequently, the additional

26 $1,000.00 payment was returned to defendant.

27    8.   On August 22, 2007, I informed defense counsel of Mr.

28 Godinez's correct address and requested that the $1,000.00 payment

NOTICE OF MOTION AND MOTION TO ENFORCE JUDGMENT AND                    CASE NO. CV-F-04-6279 AWI
SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF JERRY BUDIN

1   be sent to him immediately.  However, as of this date, Mr. Godinez

2   informs me that he has never received the additional payment of

3   $1,000.00.

4        I declare under penalty of perjury under the laws of the

5   State of California that the foregoing is true and correct.

6   DATE: January 29, 2008

7

                                    /s/ Jerry Budin
8                                   _____

                                    JERRY BUDIN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO ENFORCE JUDGMENT AND                CASE NO. CV-F-04-6279 AWI
SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF JERRY BUDIN