IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO AGUAYO, et al., )<br>)<br>          Plaintiffs, )<br>)<br>   v. )<br>)<br>OLDENKAMP TRUCKING, )<br>)<br>          Defendant. )<br>_____ ) | CV-F-04-6279 AWI LJO<br><br>ORDER RE: PLAINTIFFS'<br>MOTION TO ENFORCE<br>JUDGMENT AND<br>SETTLEMENT AGREEMENT<br><br>(Document # 66) |

      This case comes before the Court on Plaintiffs' motion to enforce judgment and settlement agreement. On May 23, 2006 Plaintiffs and Defendant Oldenkamp Trucking ("Defendant") entered into a Stipulation and Settlement Agreement of Class Action Claims (Document # 45). After subsequent hearings and briefing, this Court adopted the Magistrate Judge's findings and recommendations and gave final approval to the Stipulation and Settlement Agreement ("Settlement Agreement") on October 30, 2006 (Document # 64). Plaintiffs now claim that Defendant has failed to satisfy its obligations under that agreement.

      "A settlement agreement is treated as any other contract for purposes of interpretation." United Commercial Insurance Service, Inc. v. The Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992) (citing Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989)); Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). A court has inherent power

summarily to enforce a settlement agreement with respect to an action pending before it; the merits of the antecedent controversy become inconsequential. <u>TNT Marketing, Inc. v. Agresti</u>, 796 F.2d 276, 278 (9th Cir. 1986); <u>Decanay v. Mendoza</u>, 573 F.2d 1075, 1078 (9th Cir.1978). That enforcement power includes the authority to award damages for failure to comply with the agreement. <u>TNT Marketing, Inc.</u>, 796 F.2d at 278.

Specifically, Plaintiffs claim that Defendant violated the following four provisions of the Settlement Agreement:

(1) Defendant failed to pay the interest due on late payments of awards to settlement class members. The penalty for late payments was 6% per annum interest on the past due amounts, based on the Settlement Agreement. According to Plaintiffs' calculations, the interest due is $352.35.

In its statement of position (Document # 67), Defendant responded that it is "sending to Plaintiffs' counsel payment in the amount of $352.35." In their reply, Plaintiffs' state that Defendant's offer to pay the amount "does not conform with the Settlement Agreement or the relief request in plaintiff's motion . . . that the total interest penalty be equally divided among the class members and that a check for $16.77 be sent to each of the twenty-one (21) claimants." Plaintiffs point to no section of the Settlement Agreement or other authority to support the claim that Defendant must prepare and distribute twenty-one separate payments; as Plaintiffs put it themselves, that was merely a "recommendation." As there have already been issues with changed addresses and missing checks in this case, the Court determines that Defendant is only required by the Settlement Agreement to send one check in the amount due.

(2) Plaintiffs also claim that Defendant failed to pay the interest due on late payments of monies to be paid to the Department of Labor ("DOL") for three Class 1 members that the parties were unable to locate. The penalty for late payments was 6% per annum interest on the past due amounts, based on the

|   |   |
|---|---|
| 1 | Settlement Agreement.  According to Plaintiffs' calculations, the interest due |
| 2 | is $40.38. |

In its statement of position, Defendant responded that it is "sending to the Department of Labor the check for Mr. Hudson in the amount of $40.38." In their reply, Plaintiffs' state that "Defendant did not address this issue at all." Plaintiffs are mistaken. Defendant did address the issue and, in fact, offered to pay the correct amount to the correct party, but seems to have conflated Plaintiffs' second and fourth requests. Therefore, the amount of $40.38 to be paid to the DOL is for three of the Class 1 members that the parties were unable to locate, not for Mr. Lou Hudson.

(3) Plaintiffs claim that Defendant failed to pay a portion of $1,000.00 of the amount due to Miguel Godinez, in addition to the interest due on the late payment of the $1,000.00. The penalty for late payments was 6% per annum interest on the past due amounts, based on the Settlement Agreement. According to Plaintiffs, Defendant owes Mr. Godinez $1,000.00 plus interest on that amount at a rate of 6% per annum for the period from August 22, 2007 to the date that the $1,000.00 payment is mailed.

Defendant responded that it "has issued yet another check to Mr. Godinez," but did not specify the amount of the check issued. Plaintiffs are correct that Defendant must also pay interest on the late payment pursuant to the Settlement Agreement.

(4) Plaintiffs claim that a check in the amount of $25.72 previously issued by Defendant to Lou Hudson was returned. According to the Settlement Agreement, Defendant is required to reissue the check in the amount of $25.72 to the DOL.

In its statement of position, Defendant conflated this fourth request with Plaintiffs' second request. The matter should now be clarified and Defendant should reissue the check in the appropriate amount to the appropriate addressee.

Accordingly, IT IS HEREBY ORDERED that:

1. If Defendant has not already done so, Defendant shall issue a check to Plaintiffs' counsel in the amount of $325.35 for the interest due on late payments of awards to settlement class members. Plaintiffs' counsel shall subsequently distribute the amount among the claimants appropriately.

2. If Defendant has not already done so, Defendant shall issue a check to the Department of Labor, as detailed in the Settlement Agreement, in the amount of $40.38 for the interest due on late payments of awards to three settlement Class 1 members that the parties were unable to locate. The Department of Labor shall hold such funds in trust for those absent Class 1 members.

3. If Defendant has not already done so, Defendant shall issue a check to Miguel Godinez in the amount of $1,000.00 for his remaining settlement award, plus interest on that amount at the rate of 6% per annum for the period from August 22, 2007 to the date the payment is issued.

4. If Defendant has not already done so, Defendant shall issue a check to the Department of Labor, as detailed in the Settlement Agreement, in the amount of $25.72 for the award of settlement class member Lou Hudson. The Department of Labor shall hold such funds in trust for Mr. Hudson.

IT IS SO ORDERED.

Dated: **March 26, 2008** /s/ Anthony W. Ishii
UNITED STATES DISTRICT JUDGE